## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

JENS GLEIN, Guardian of the Person and Estate of John H. Stammen, Incompetent, Respondent, v. MRS. A. L. MILLER, Appellant.

(176 N. W. 113.)

**Vendor and purchaser — receivers — appointment of receivers on ex parte showing where substantial rights are involved should not be made.**

Where a vendor, under a contract for deed which contained no acceleration clause, attempted to cancel the contract under chapter 151, Sess. Laws of 1917, declaring in the notice that the contract would be canceled unless the whole of the remaining instalments were paid within six months, it appearing that the defendant had made substantial payments and that at the time of the first attempted cancelation the only default was in the nonpayment of taxes; and where, after the expiration of six months from the first notice, the vendor served notice upon the purchaser to vacate the premises and began forcible entry and detained proceedings in justice court, which were transferred to the district court; and where, upon an *ex parte* showing, the district court appointed a receiver to take possession of the property, collect rents, etc., it is *held:*

(1) The order appointing the receiver was improvidently made.

(2) Though an order appointing a receiver be improvidently made, it may not be violated with impunity, and one may be adjudged guilty of contempt for its violation.

Opinion filed January 17, 1920.

45 N. D.—1.

Appeal from the District Court of Ward County, *Leighton, J.*

Affirmed in part and reversed in part.

*McGee & Goss,* for appellant.

"The weight of authority supports the view that an action of unlawful detainer does not lie against a vendee in possession under a contract of purchase." 11 R. C. L. 1143; Linder v. Warnock, 91 Kan. 272, 137 Pac. 962, Ann. Cas. 1915C, 315, and note.

"An action of unlawful detainer cannot be brought against one claiming the premises in question under a contract to purchase." 13 Am. & Eng. Cyc. Law, 2d ed. 767; Chicago Co. v. Skupa, 16 Neb. 341, 20 N. W. 393; Alderman v. Biekan, 25 Kan. 658; Mason v. Delancy, 44 Ark. 444; Keller v. Klopfer, 3 Colo. 132; Griffith v. Collins, 116 Ga. 420, 42 S. E. 743; Hall v. Jackson, 77 Iowa, 201, 41 N. W. 620; Bramwell v. Trower, 92 Kan. 144, 139 Pac. 1018; Hay v. Connelly, 1 A. K. Marsh, 393; Jack v. Carneal, 2 A. K. Marsh, 518; Reeder v. Bell, 7 Bush. (Ky.) 255; Dunham v. Townsend, 110 Mass. 440; Young v. Ingle, 14 Mo. 426; Dawson v. Dawson, 17 Neb. 671, 24 N. W. 339; Grouhousky v. Long, 20 Neb. 362, 30 N. W. 257; Worthington v. Woods, 22 Neb. 230, 34 N. W. 368; Malloy v. Malloy, 24 Neb. 766, 40 N. W. 285; Young v. Columbia Invest. Co. 77 N. J. L. 410, 72 Atl. 35; Burnett v. Scribner, 16 Barb. 621; People v. Bigelow, 11 How. Pr. 83; Burkhart v. Tucker, 27 Misc. 724, 59 N. Y. Supp. 711; Parker v. Allen, 84 N. C. 466; Hughes v. Mason, 84 N. C. 473; Hausen v. Morrison, 146 N. C. 248, 59 S. E. 693; Smith v. Kirchner, 7 Okla. 166, 54 Pac. 439; Carlisle v. Prior, 48 S. C. 183, 26 S. E. 244; Cunningham v. Ammerman, 3 Tex. App. Civ. Cas. (Willson) § 352.

The plaintiff or person petitioning for the appointment of a receiver must, as a first requisite, present a prima facie case of right to recover, and unless that is done the order appointing a receiver may be attacked and disregarded as void by anyone. Goshen Woolen Mills v. Bank, 150 Ind. 279; note in 72 Am. St. Rep. 32; State v. District Ct. 21 Mont. 135, 69 Am. St. Rep. 645; Freer v. Davis (W. Va.) 94 Am. St. Rep. 910.

The law is well settled in this state by repeated decisions of this court, that an affidavit upon information and belief is wholly insufficient upon which to base constructive criminal contempt proceedings,

and that no jurisdiction is acquired thereunder. State v. McGahey, 12 N. D. 535, 97 N. W. 865; Kaeppler v. Bank, 8 N. D. 411, 79 N. W. 869; State v. Root, 5 N. D. 494, 67 N. W. 590, and such is the established rule in other states. Citing Freeman v. Huron, 8 S. D. 435; Thomas v. People, 14 Colo. 254, 9 L.R.A. 569; Batchelder v. Moore, 42 Cal. 412; Ludden v. State (Neb.) 48 N. W. 61, and other cases; State v. Newton, 16 N. D. 151, 112 N. W. 52.

"To authorize the appointment of a receiver, the complainant must have an apparent cause of action upon which there is a likelihood of recovery coupled with the fact of imminent danger of peril to the property." Citing many authorities, among them State v. Bank, 57 Am. St. Rep. 209; Ft. Payne v. Iron Co. 96 Ala. 472, 38 Am. St. Rep. 109; Albany Co. v. So. Agr. Works, 76 Ga. 135, 2 Am. St. Rep. 26; Elwood v. Bank, 41 Kan. 475; Ryder v. Bateman, 93 Fed. 15; Flagler v. Blunt, 32 N. J. Eq. 523; Norris v. Lake, 89 Va. 513; Cofer v. Echerson, 6 Iowa, 502; Levenson v. Elson, 88 N. C. 182.

"It is not proper to appoint a receiver on the petition of one whose complaint shows no right of ultimate recovery in the action." Goshen Woolen Mills v. Bank, 150 Ind. 279; Freer v. Davis, 94 Am. St. Rep. 910.

"A receiver should never be appointed merely upon the ground that the measure can do no harm." 72 Am. St. Rep. 32, citing Orphan Asylum v. McCartee, Hopk. Ch. 435; Vlondheim v. Moore, 11 Md. 374.

It is absolutely essential to a valid conviction for contempt that interrogatories be filed specifying the fact and circumstances of the offense charged against a defendant accused of contempt, and that the accused must be required to make answer thereto. Noble Twp. v. Aasen, 10 N. D. 264.

*John J. Coyle* (*Edward T. Burke,* on oral argument), for respondent.

BIRDZELL, J. This is an appeal from an order denying a motion to dismiss receivership and contempt proceedings which was entered after a hearing upon an order to show cause why the defendant and appellant should not be punished for contempt. The facts necessary to an understanding of the case are as follows: On January 3, 1916,

one John Stammen entered into a contract with the defendant to sell to her certain property in the city of Minot for a consideration, as expressed, of "$7,000 and other valuable considerations," payable $1,000 in cash, $500 on the 3d days of January, 1917, 1918, and 1919, respectively, and the balance of $4,500 on January 3, 1920. There was no acceleration clause in the contract, but it was expressly provided that upon the default in making any payment, or in the performance of the other covenants, the party of the first part might, at his option, by written notice, declare the contract canceled, whereupon the second party agreed to peaceably surrender the possession of the premises. In a notice of cancelation dated October 23, 1918, Glein, who appears herein as plaintiff in the capacity of guardian of Stammen, incompetent, set forth a default arising through the neglect of the defendant to pay the 1916 and 1917 taxes amounting to $631.30, and declared an election to treat as due the whole of the balance on the contract, amounting to $5,765.35. The defendant is notified that for failure to pay the latter amount, together with the taxes, within six months, the contract will be canceled. After the expiration of six months from this notice a notice to vacate was served upon the defendant, which was followed by an action in forcible entry and detainer in justice court. The answer of the defendant in that action set forth her claims under the contract, and denied that the contract had been canceled. It pleaded the lack of jurisdiction of the justice court to entertain a forcible entry and detainer action on account of the equitable title being involved, and the action was ordered transferred to the district court by order dated May 24, 1919.

On May 29th, upon an *ex parte* application of the plaintiff and solely upon the affidavit of the plaintiff's attorney, together with the transcript and papers filed in justice court, an order was entered appointing a receiver to take possession of the property, collect rents, etc. It appears that the defendant did not heed the order appointing the receiver and comply with it by turning over possession, whereupon on June 18th, an order to show cause was issued directing the defendant to appear and show cause why she should not be punished for contempt. It appears that there was no hearing on this order, although a return was served on plaintiff's counsel on the return day of the order in which it was asked that the order be vacated on the ground that the

court was without jurisdiction to make the order appointing the receiver. Later, on August 12th, another order to show cause was issued, based upon an affidavit showing continued violations of the order appointing the receiver and directing him to take possession. Upon the return day the defendants appeared and moved the dismissal of the receivership and contempt proceedings, contending that the receivership proceedings were void as being had *ex parte* and without sufficient facts shown as a foundation. The pendency of the forcible entry and detainer proceedings was also set up in addition to defendant's interest in the property which she claimed by virtue of the contract. Upon the hearing the court entered the order from which this appeal is taken.

The appellant complains of two provisions of the order: First, it is claimed that the court erred in denying the motion to dismiss the receivership and vacate the proceedings therein; second, that the court erred in ordering and adjudging the defendant to be guilty of contempt, imposing a fine of $5 and a suspended sentence of twenty days in jail, conditionel on the defendant refraining from further interference with the receiver.

From the affidavits and indorsements upon the contract it appears that the defendant, before the service of the notice, had paid about $2,000 and that she was making instalment payments of $50 a month prior to the service of the cancelation notice upon her, the last payment of $30 being made in August, 1918. As stated above, there was no acceleration clause in the contract, hence no foundation for the attempted exercise of an option to declare the entire balance due. The attempted cancelation, therefore, was not in accord with the statute, N. D. Sess. Laws 1917, chap. 151. It was needlessly and illegally oppressive. Since this is the foundation for the receivership proceedings, they should not be looked upon with great favor, and the fact that the appointment of the receiver was without notice to the defendant is one which greatly weakens the legal validity of the order. In Grandin v. LaBar, 2 N. D. 206, 50 N. W. 151, the correct rule applicable to such matters was stated as follows (page 215): "It is doubtless true that receivers are sometimes—though very rarely—appointed *ex parte*. Our statute (Comp. Laws, § 5017) contemplates such a possibility. But to justify such a summary proceeding the facts and circumstances must create a very grave exigency. . . . 'In suits between conflicting claimants of land, especially between par-

ties claiming under legal titles, a receiver will not ordinarily be appointed.' 3 Pom. Eq. Jur. § 1333." In the instant case there is reason to believe that the value of the property has increased very materially since it was sold to the defendant, that it is worth between ten and twelve thousand dollars and there can be no doubt that the claim made by the plaintiff upon the defendant in the notice of cancelation was excessive. It also appears that the only papers upon which the order appointing the receiver was based are the unverified complaint, signed by the plaintiff's attorney and filed in justice court, and the affidavit of the same attorney in which some of the facts are set up as being within his knowledge and some upon information and belief. In these circumstances, we are of the opinion that the order appointing the receiver was improvidently made and that it should be reversed.

It does not follow, however, from the fact that the order was improvidently made that it was absolutely void. In fact the implication of the holding in Grandin v. LaBar, supra, is that jurisdiction exists in the district court for appointment of receivers *ex parte* in proper cases. To hold that an order improvidently issued can be violated with impunity is to invite litigants to resort to the use of force sufficient to maintain their rights as they understand them to be. Such a policy should not be adopted in a system of law that prides itself upon having a remedy for every wrong. Hence that portion of the order which adjudges the defendant guilty of contempt and imposes a fine of $5 is affirmed. That portion, however, which imposes a suspended jail sentence of twenty days must be reversed because it is conditioned upon her refraining from further interfering with the possession of the receiver. His possession must cease by virtue of the dismissal of the receivership proceedings.

The order of this court is that that portion of the order appealed from, which denies the defendant's motion for a dismissal of the receivership proceedings be reversed, that the motion be allowed and the receivership proceedings dismissed, and that the portion adjudging the defendant guilty of contempt and fining her $5 be, and the same hereby is, affirmed. The appellant is entitled to recover costs on this appeal.

CHRISTIANSON, Ch. J., and ROBINSON, J., concur.

BRONSON and GRACE, JJ., concur in the result.