2016 ND 114

**PHI FINANCIAL SERVICES, Inc.,**
**Plaintiff and Appellee**

v.

**JOHNSTON LAW OFFICE, P.C.,**
**and Choice Financial Group,**
**Defendants.**

**Johnston Law Office, P.C., Appellant.**

**No. 20150301.**

Supreme Court of North Dakota.

June 10, 2016.

Rehearing Denied July 28, 2016.

Jon R. Brakke, Fargo, ND, for plaintiff and appellee.

DeWayne A. Johnston, Grand Forks, ND, for appellant.

VANDE WALLE, Chief Justice.

[¶1] Johnston Law Office, P.C., appealed from an order compelling discovery and an order finding it in contempt of court. We affirm.

I

[¶2] Our recent decision in *PHI Fin. Serv., Inc. v. Johnston Law Office, P.C.,*

2016 ND 20, ¶¶ 2–6, 874 N.W.2d 910, sets forth the factual background of the dispute giving rise to this appeal. We repeat such facts only insofar as necessary for this appeal. PHI Financial Services, Inc., ("PHI") sued Johnston Law Office, P.C., ("Johnston") for alleged fraudulent transfers relating to a federal crop payment made to Johnston's client. After trial, the district court entered judgment against Johnston in the amount of $167,203.24. On appeal, this Court affirmed and reversed in part and remanded for further proceedings. *Id.* at ¶ 1.

[¶ 3] While that appeal was pending, PHI began post-judgment discovery in aid of execution. PHI served Johnston with various interrogatories pertaining to Johnston's financial assets. Johnston returned the interrogatories on April 4, 2015, answering the first two interrogatories in their entirety, answering a portion of the third interrogatory, and objecting to the remainder of the third interrogatory and all other remaining interrogatories. Johnston claimed the unanswered interrogatories violated N.D.R.Civ.P. 33(a)(3).

[¶ 4] According to the affidavit of PHI's counsel, Jon Brakke, he sent a letter to Johnston on May 8, 2015, informing Johnston its April 4, 2015 answers were incomplete. Johnston replied on May 19, 2015, again informing PHI it believed the unanswered interrogatories violated N.D.R.Civ.P. 33(a)(3). According to Brakke's affidavit, he called Johnston on May 19, 2015, but he received no answer. Brakke left a voicemail, to which Johnston did not respond. Brakke's affidavit attests no further communication occurred on or prior to May 28, 2015. On May 29, 2015, PHI moved for an order compelling Johnston to answer the remaining interrogatories. In its motion, PHI certified its May 8 letter and May 19 attempt to contact Johnston via telephone was a good faith attempt to confer to resolve the discovery dispute without judicial intervention, as required by N.D.R.Civ.P. 37(a)(1).

[¶ 5] The district court granted PHI's motion. The court concluded N.D.R.Civ.P. 33(a)(3) did not bar PHI's interrogatories because, after including all discrete subparts, PHI served thirty-seven interrogatories. The court also concluded PHI's pre-judgment interrogatories should not be considered in determining whether PHI's post-judgment interrogatories exceeded the limits under N.D.R.Civ.P. 33(a)(3). Further, the court concluded PHI's efforts to contact Johnston regarding the discovery dispute, and Johnston's resulting inaction, constituted a good faith attempt to confer to resolve the discovery dispute before seeking judicial intervention. The court entered its order to compel. PHI served notice of entry of the order on July 2, 2015. After Johnston did not comply with the order to compel, PHI moved to hold Johnston in contempt of court. The district court granted the motion, concluding Johnston had actual notice or knowledge of the order to compel and it had a willful and inexcusable intent to violate the order. PHI served notice of entry of this order on September 25, 2015. Johnston appealed both orders on October 5, 2015.

II

[¶ 6] PHI argues Johnston's appeal was untimely as it relates to the order to compel because Johnston's appeal on October 5, 2015 was more than sixty days after PHI served notice of entry of the order to compel on July 2, 2015. Johnston argues the order to compel was an interlocutory order and the time to appeal the order ran from the date of service of the appealable order—here, the order of contempt. Because its appeal on October 5, 2015 was within sixty days of PHI serving

notice of entry of the order of contempt on September 25, 2015, Johnston argues its appeal of the order to compel was timely.

[¶ 7] Regarding post-judgment discovery, we have said: "[o]rders denying discovery in aid of execution ... are appealable, but orders granting discovery are not appealable if review is available by way of disobedience and contempt." *Inv. Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 30, 785 N.W.2d 863 (quoting 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3916 (2d ed.1992)). Because a post-judgment order granting discovery may be reviewed by way of an order of contempt, an order granting post-judgment discovery is a nonappealable interlocutory order. *Id.; see also Dietz v. Kautzman*, 2004 ND 164, ¶ 10, 686 N.W.2d 110 (characterizing orders compelling discovery as interlocutory). Where a party seeks to appeal an interlocutory order, the order is reviewable on an appeal from a final order or judgment, resulting in the time to appeal the interlocutory order running from service of notice of the appealable order or judgment, not from service of notice of the interlocutory order. *See Sec. State Bank v. Orvik*, 2001 ND 197, ¶ 6, 636 N.W.2d 664 (concluding an appeal from a nonappealable partial summary judgment was timely when the appeal from the final appealable judgment was timely).

[¶ 8] Here, the order to compel was a nonappealable interlocutory order that was reviewable on an appeal from the order holding Johnston in contempt of court. *See* N.D.C.C. § 27–10–01.3(3) (stating "[a]n order or judgment finding a person guilty of contempt is a final order or judgment for purposes of appeal."). Under N.D.R.App.P. 4(a)(1), a party has sixty days "from service of notice of entry of the judgment or order being appealed" to appeal. Johnston appealed the order of contempt on October 5, 2015, notice of entry of which PHI served on September 25, 2015. Johnston's appeal from the order of contempt was within sixty days of PHI's service of notice of entry of the order of contempt and we review the order to compel as part of that appeal.

## III

[¶ 9] Johnston argues the district court abused its discretion in compelling Johnston to answer the remaining interrogatories. On appeal, we review orders compelling discovery under the abuse of discretion standard. *See W. Horizons Living Ctr. v. Feland*, 2014 ND 175, ¶ 11, 853 N.W.2d 36. "A court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned decision, or when it misinterprets or misapplies the law." *Id.*

### A

[¶ 10] Johnston argues the district court abused its discretion because PHI did not, in good faith, confer or attempt to confer with Johnston before seeking the order. Rule 37(a)(1), N.D.R.Civ.P., provides:

> On notice to other parties and all affected persons, a party may move for an order compelling discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action.

The rules of civil procedure do not define what constitutes good faith under N.D.R.Civ.P. 37(a)(1), nor have we addressed this matter. We also have not articulated a standard under which we review good faith determinations under N.D.R.Civ.P. 37(a)(1).

[¶ 11] As with most of the North Dakota Rules of Civil Procedure, N.D.R.Civ.P. 37(a)(1) is modeled after the Federal Rules of Civil Procedure, specifically Fed.R.Civ.P. 37(a)(1). "Although not binding, federal court interpretations of a corresponding federal rule of civil procedure are highly persuasive in construing our rule." *Choice Fin. Group v. Schellpfeffer*, 2006 ND 87, ¶ 12, 712 N.W.2d 855 (quoting *Thompson v. Peterson*, 546 N.W.2d 856, 860 (N.D.1996)). One leading federal case discussing whether a party made a good faith effort to confer or attempt to confer under Fed.R.Civ.P. 37(a)(1) outlines the good faith standard as follows:

> "Good faith" under [Fed.R.Civ.P. 37(a)(1)] contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action. "Good faith" is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred. Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.

*Shuffle Master, Inc. v. Progressive Games, Inc.* 170 F.R.D. 166, 171 (D.Nev.1996) (internal citation omitted). This standard, and its non-exhaustive list of circumstances to consider, is persuasive as a guide to courts in looking to the totality of the circumstances to determine the existence or nonexistence of good faith under N.D.R.Civ.P. 37(a)(1).

[¶ 12] Because good faith determinations must be predicated upon the particularities of a given situation, whether a party acted in good faith under N.D.R.Civ.P. 37(a)(1) is a question of fact. *See Shuffle Master, Inc.*, 170 F.R.D. at 171; *cf. N. Oil & Gas, Inc. v. Creighton*, 2013 ND 73, ¶ 15, 830 N.W.2d 556 (stating "[w]hether a party acted in good faith is a question of fact" for determining good faith purchaser status); *Ruud v. Larson*, 392 N.W.2d 62, 63 (N.D.1986) (stating "[t]he determination whether the landlord has made a good faith effort to mitigate damages is a finding of fact...."). Under N.D.R.Civ.P. 52(a)(6), we may not set aside a finding of fact on appeal unless the finding is clearly erroneous, and we will not reverse a district court's determination of good faith under N.D.R.Civ.P. 37(a)(1) unless the finding of fact is clearly erroneous. "[A] finding of fact is clearly erroneous only if it is induced by an erroneous view of the law or, although there is some evidence to support it, on the entire record we are left with a definite and firm conviction a mistake has been made." *Marsden v. Koop*, 2010 ND 196, ¶ 8, 789 N.W.2d 531 (quoting *McAllister v. McAllister*, 2010 ND 40, ¶ 13, 779 N.W.2d 652). Accordingly, we review the district court's decision as to whether to grant an order to compel under the abuse of discretion standard, *Feland*, at ¶ 11, and we review the factual findings supporting the decision, including whether a party, in good faith, attempted to confer, under the clearly erroneous standard.

[¶ 13] After reviewing the record, we are not left with a firm conviction the district court erred in finding, as a matter of fact, PHI attempted to confer with Johnston in good faith before seeking the order to compel. On April 4, 2015, Johnston provided its responses to PHI's interrogatories. On May 8, 2015, Brakke wrote Johnston stating its answers were incom-

plete. When Johnston again refused to answer PHI's interrogatories in its May 19, 2015 response, Brakke attempted to contact Johnston the same day. Because Johnston did not respond, Brakke left a voicemail. PHI waited a week for a response, which did not occur. Nearly two months after Johnston provided its responses, and after multiple exchanges, PHI moved for the order to compel on May 29, 2015. Johnston's inaction in answering the remaining interrogatories over the course of nearly two months and several communications indicates the parties were unlikely to resolve the dispute without judicial intervention. The district court's finding PHI, in good faith, attempted to confer with Johnston before seeking the order to compel was not clearly erroneous. Applying this factual finding, the district court did not abuse its discretion in granting PHI's motion to compel.

### B

[¶ 14] Johnston argues the district court abused its discretion in issuing the order to compel because it misinterpreted N.D.R.Civ.P. 33(a)(3) and N.D.R.Civ.P. 69(b). Rule 69(b), N.D.R.Civ.P., provides: "In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, as provided in these rules." At the time this appeal was taken, N.D.R.Civ.P. 33(a)(3) further provided: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 50 written interrogatories, including all discrete subparts."[1] The court's order implies it interpreted N.D.R.Civ.P. 33(a)(3) as applying to post-judgment interrogatories served under N.D.R.Civ.P. 69(b). The court also concluded pre-judgment interrogatories should not be considered in determining whether post-judgment interrogatories violate N.D.R.Civ.P. 33(a)(3).

### 1

[¶ 15] On appeal, Johnston argues PHI's post-judgment interrogatories, when added with PHI's pre-judgment interrogatories, exceeded the allowable limit under N.D.R.Civ.P. 33(a)(3). PHI argues we should not consider Johnston's argument because, at the district court, Johnston solely argued PHI's post-judgment interrogatories exceeded the allowable limit, not that PHI's post-judgment interrogatories exceeded the allowable limit when added with its pre-judgment interrogatories. "It is well-settled that issues not raised in the district court may not be raised for the first time on appeal." *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746. However, the district court interpreted Johnston's arguments as raising the argument now presented on appeal. In its order to compel, the district court stated: "[i]f Johnston Law is claiming that pre-judgment discovery interrogatories .... should be included in the 50 question limit, I find that those are not included in the Rule 33(a)(3) limit." Johnston's argument is properly raised on appeal.

### 2

[¶ 16] The parties offer differing interpretations about whether or how N.D.R.Civ.P. 33(a)(3) applies to post-judgment interrogatories served under N.D.R.Civ.P. 69(b). Johnston argues N.D.R.Civ.P. 33(a)(3) applies to post-judgment interrogatories served under N.D.R.Civ.P. 69(b), resulting in a judgment creditor not being able to serve more

---

1. Effective March 1, 2016, N.D.R.Civ.P. 33(a)(3) was amended to "define the instances in which a subpart of an interrogatory does not constitute a separate interrogatory." N.D.R.Civ.P. 33(a)(3) Explanatory Note.

than fifty interrogatories total during an action, absent a stipulation or court order to the contrary. PHI argues N.D.R.Civ.P. 33(a)(3) does not apply to post-judgment interrogatories served under N.D.R.Civ.P. 69(b), resulting in no limitation on how many interrogatories a judgment creditor may serve during post-judgment discovery. Alternatively, if N.D.R.Civ.P. 33(a)(3) applies, PHI argues N.D.R.Civ.P. 33(a)(3) disallows a judgment creditor from serving more than fifty post-judgment interrogatories, irrespective of any pre-judgment interrogatories, resulting in a judgment creditor not being able to serve more than fifty pre-judgment interrogatories and not more than fifty post-judgment interrogatories.

[¶ 17] We have not previously addressed this issue, and we are now required to interpret our rules of civil procedure. Although not clear, the district court's order implies it interpreted N.D.R.Civ.P. 33(a)(3) as applying to post-judgment interrogatories served under N.D.R.Civ.P. 69(b), which the court interpreted as not including a judgment creditor's pre-judgment interrogatories. "The interpretation of a court rule or a statute is a question of law that we review de novo." *State v. Chacano,* 2012 ND 113, ¶ 10, 817 N.W.2d 369. In interpreting rules, we apply principles of statutory construction to ascertain intent by:

> [L]ooking first to the language of the rule, where words are construed in accordance with their plain, ordinary, and commonly understood meaning. If possible, we construe rules as a whole to give meaning to each word and phrase. We also consider the actual language, its connection with other clauses, and the words or expressions which obviously are by design omitted. In construing statutes and rules, the law is what is

said, not what is unsaid, and the mention of one thing implies exclusion of another. *Sanderson v. Walsh Cty.,* 2006 ND 83, ¶ 16, 712 N.W.2d 842 (internal quotations and citations omitted).

[¶ 18] Under N.D.R.Civ.P. 69(b), a judgment creditor may seek post-judgment discovery insofar "as provided in these rules." Because N.D.R.Civ.P. 33(a)(3) is one such rule, the limitations and requirements contained therein apply to post-judgment discovery under N.D.R.Civ.P. 69(b). *See Inv. Title Ins. Co. v. Herzig,* 2010 ND 169, ¶ 39, 788 N.W.2d 312 (applying the requirements of N.D.R.Civ.P. 45 to post-judgment discovery served under N.D.R.Civ.P. 69(b)). Accordingly, in post-judgment discovery, a judgment creditor may serve "no more than 50 written interrogatories, including all discrete subparts," absent a stipulation or court order to the contrary. N.D.R.Civ.P. 33(a)(3). This permits post-judgment discovery to the full extent allowed under the rules of civil procedure and is independent of any limits exhausted during pre-judgment discovery because N.D.R.Civ.P. 69(b) ensures judgment creditors access to all discovery devices. *See* N.D.R.Civ.P. 69 Explanatory Note (stating "[N.D.R.Civ.P. 69(b)] was amended in 1971 to make clear that all discovery procedures are available in aid of execution."). Any previously served pre-judgment interrogatories do not limit a judgment creditor's ability to serve "no more than 50 written interrogatories, including all discrete subparts." Thus, we interpret N.D.R.Civ.P. 69(b) and N.D.R.Civ.P. 33(a)(3) to allow a judgment creditor to serve no more than fifty post-judgment interrogatories, absent a stipulation or court order allowing additional interrogatories. In determining whether a judgment creditor exceeded this limit, pre-judgment interrogatories are not to be considered.

[¶ 19] This interpretation recognizes the different purposes served by pre-judgment and post-judgment discovery. Pre-judgment discovery is limited to discovering information reasonably calculated to produce admissible evidence relating to a party's claims or defenses. N.D.R.Civ.P. 26(b)(1) (noting a party may obtain discovery that is "relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Because a party's financial condition or ability to satisfy a judgment is not usually reasonably calculated to produce admissible evidence relating to establishing a claim or defense, such information is generally not discoverable during pre-judgment discovery. *See Sierrapine v. Refiner Prod. Mfg., Inc.*, 275 F.R.D. 604, 609–10 (E.D.Cal.2011) (discussing the different information available for discovery in pre-judgment discovery under Fed.R.Civ.P. 26 and post-judgment discovery under Fed.R.Civ.P. 69); *but see* N.D.R.Civ.P. 26(b)(2) (allowing for pre-judgment disclosure of an insurance agreement that might satisfy part or all of a potential judgment). Post-judgment discovery under N.D.R.Civ.P. 69(b), in contrast, relates to executing and satisfying a judgment and is "intended to establish an effective and efficient means of securing the execution of judgments." *See Mid-Dakota Clinic, P.C. v. Kolsrud*, 1999 ND 244, ¶ 13, 603 N.W.2d 475 (quoting *U.S. v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967)). By allowing a party to serve no more than fifty post-judgment interrogatories, the rules of civil procedure ensure a judgment creditor access to all discovery devices for identifying information necessary for execution or satisfaction of a judgment.

[¶ 20] Johnston's contrary interpretation limiting a party to serving no more than fifty interrogatories total during an action, unless otherwise stipulated or court ordered, is misplaced. Johnston's interpretation, although properly emphasizing N.D.R.Civ.P. 33(a)(3), limits or even forecloses the availability of post-judgment discovery devices based upon a judgment creditor's pre-judgment actions, contrary to N.D.R.Civ.P. 69(b) ensuring "all discovery procedures are available in aid of execution." N.D.R.Civ.P. 69 Explanatory Note. The rules of civil procedure do not require a judgment creditor to exercise the sagacious foresight necessary to determine whether rationing pre-judgment interrogatories—at the risk of not acquiring the information required to obtain a judgment—is a prudent calculation because of a foreseeable need to use interrogatories as a post-judgment discovery device. Although a judgment creditor may seek judicial leave to pose additional interrogatories, Johnston's interpretation could require frequent judicial intervention in the post-judgment discovery process because judgment creditors who exhausted the interrogatory limit obtaining the judgment would need judicial approval to serve additional interrogatories, thereby further consuming already limited judicial resources. We decline to adopt this impractical and atextual interpretation.

[¶ 21] The district court correctly interpreted N.D.R.Civ.P. 33(a)(3) as applying to PHI's post-judgment interrogatories served under N.D.R.Civ.P. 69(b) and the court correctly concluded it would not consider PHI's pre-judgment interrogatories in determining whether PHI's post-judgment interrogatories violated N.D.R.Civ.P. 33(a)(3). After tallying PHI's post-judgment interrogatories, including all discrete subparts, the district court concluded PHI served thirty-seven interrogatories. On appeal, Johnston does not contest this tabulation. Because PHI's thirty-seven post-

judgment interrogatories complied with the limitation in N.D.R.Civ.P. 33(a)(3), the court did not abuse its discretion with its order compelling Johnston to answer the remaining interrogatories.

## IV

[¶ 22] After Johnston, by its own admission, did not comply with the order to compel, the district court held Johnston in contempt of court, concluding Johnston had actual notice or knowledge of the order to compel and it had a willful and inexcusable intent to violate the order. Civil contempt requires a party to have actual notice or knowledge of a court order and a willful and inexcusable intent to violate the order. *BeauLac v. BeauLac*, 2002 ND 126, ¶ 10, 649 N.W.2d 210. We review a finding of contempt under the following standard:

> When reviewing a contempt sentence, the ultimate determination of whether or not a contempt has been committed is within the trial court's sound discretion. A trial court's finding of contempt will not be overturned unless there is a clear abuse of discretion. An abuse of discretion occurs when the trial court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.

*Id.* (quoting *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499) (citations omitted in original).

[¶ 23] Johnston argues the district court's alleged misinterpretation of the rules of civil procedure provided it with an excusable intent for not complying with the order to compel, resulting in the court abusing its discretion by holding Johnston in contempt of court. But, "[w]hen a court has issued an allegedly erroneous order, the party to whom the order was issued must obey it as long as it remains in force or until it is reversed on appeal, and the failure to obey the order is punishable as a contempt of court." *Peters–Riemers v. Riemers*, 2003 ND 96, ¶ 16, 663 N.W.2d 657. A party's disagreement with how a court interpreted the law does not provide license to disobey a court order without consequence. *Id.* Johnston's arguments on appeal, even if correct, did not excuse Johnston's noncompliance with the order to compel.

[¶ 24] Johnston further argues the district court's alleged misinterpretation rendered the order to compel void and, because "it is not contempt to disobey a void order," *Dahlen v. Dahlen*, 393 N.W.2d 769, 770 (N.D.1986), the district court abused its discretion in finding Johnston in contempt of court. Johnston's argument blurs the distinction between a void order and an erroneous order, a conflation we long ago rejected:

> The failure of a party to obey an order that is void for want of authority in the court to issue it is not punishable as a contempt. The rule is otherwise in a case where the court has jurisdiction of the subject matter and the parties but has issued an erroneous order. In such a case it is the duty of the party to whom the order is directed to obey it as long as it remains in force and until it has been set aside either by the court that made it or upon appeal.... "[T]o hold that an order improvidently issued can be violated with impunity is to invite litigants to resort to the use of force sufficient to maintain their rights as they understand them to be. Such a policy should not be adopted in a system of law that prides itself upon having a remedy for every wrong."

*Hodous v. Hodous*, 76 N.D. 392, 399–400, 36 N.W.2d 554, 559 (1949) (quoting *Glein v. Miller*, 45 N.D. 1, 6, 176 N.W. 113, 115 (1920)) (internal citations omitted). An erroneous order is not necessarily a void

order. *See Glein,* 45 N.D. at 6, 176 N.W. at 115 (stating "[i]t does not follow, however, from the fact that the order was improvidently made that it was absolutely void."). Johnston does not argue the district court was without subject matter or personal jurisdiction in this case, meaning the order to compel was not void so as to excuse Johnston's noncompliance with the order. Because the order to compel was not void, and Johnston did not comply with the order, it had no excusable intent for failing to do so. The district court did not abuse its discretion in finding Johnston in contempt of court.

## V

[¶ 25] We do not address the other arguments raised because, after consideration, they are either unnecessary to this decision or are without merit. We affirm the order compelling discovery and the order of contempt.

[¶ 26] JOHN T. PAULSON, S.J., DALE V. SANDSTROM, DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.

[¶ 27] The Honorable JOHN T. PAULSON, S.J., sitting in place of KAPSNER, J., disqualified.