# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 63

Twin City Technical LLC, Three Horns
Energy, LLC, Prairie of the South LLC,
and Irish Oil & Gas, Inc.,                                    Plaintiffs and Appellees

      v.

Williams County and Williams County
Commission,                                                        Defendants and Appellants

## No. 20210157

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED AS MODIFIED.

Opinion of the Court by Tufte, Justice.

Mark W. Vyvyan (argued), Minneapolis, Minnesota, Lawrence Bender (appeared), and Spencer D. Ptacek (on brief), Bismarck, North Dakota, for plaintiffs and appellees.

Scott K. Porsborg (argued) and Austin T. Lafferty (appeared), Bismarck, North Dakota, for defendants and appellants.

**Tufte, Justice.**

[¶1] Williams County and Williams County Commission (collectively, "County") appeal from a judgment in favor of Twin City Technical LLC, Three Horns Energy, LLC, Prairie of the South LLC, and Irish Oil & Gas, Inc. (collectively, "Companies") on their claim of unjust enrichment and adverse orders granting a bench trial, compelling discovery, and awarding expenses and attorney's fees. We conclude the County is barred from relitigating unjust enrichment and raising the defenses of waiver and unclean hands; and the district court did not err in finding laches did not bar the Companies' unjust enrichment claim, awarding prejudgment interest beginning from September 2015, ordering a bench trial, granting the Companies' motion to compel, and awarding expenses and attorney's fees. We affirm, but modify the order awarding expenses and attorney's fees, subtracting the legal research expense.

I

[¶2]   In February 2012, the parties executed four oil and gas leases. As a part of those leases, the County received over $1.3 million in bonus payments. After learning the County may not own all of the subject minerals, the Companies sued the County for rescission, declaratory relief proclaiming the contract was invalid based on lack of mutual assent, and unjust enrichment. The Companies later amended the complaint, altering their declaratory relief claim to allege that no valid contract was formed because the County did not publicly advertise the leasing of the oil and gas as required by N.D.C.C. § 38-09-16 before executing the leases.

[¶3]   After the parties filed cross motions for summary judgment, the district court granted the Companies' motion, concluding that the leases were void because the County violated the statutory notice and bidding requirements and that the County was unjustly enriched and its laches defense failed. The County appealed. We affirmed the judgment, in part, concluding the leases were invalid for violating the advertising requirements, and reversed and

remanded the laches issue for further factual development. *Twin City Tech. LLC v. Williams Cty.*, 2019 ND 128, ¶¶ 14, 18, 927 N.W.2d 467.

[¶4] On remand, the district court granted the Companies' motions to reset the jury trial for a bench trial and to compel discovery and award expenses and attorney's fees against the County. After the bench trial, the court rejected the County's defenses of waiver, unclean hands, and laches and entered judgment including an award of prejudgment interest to the Companies.

II

[¶5] The County argues the Companies failed to meet their burden of proof on the unjust enrichment claim and, alternatively, waived the claim and have unclean hands. The Companies assert the County is barred from challenging the unjust enrichment claim and arguing waiver and unclean hands because those issues were either not raised in the first appeal or were outside the scope of our mandate on remand.

[¶6] "The law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and a party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal." *Pennington v. Cont'l Res., Inc.*, 2021 ND 105, ¶ 9, 961 N.W.2d 264 (cleaned up). A more specific application of the law of the case doctrine is the mandate rule. *Id.* at ¶ 10. "The mandate rule requires the district court to follow the appellate court's pronouncements on legal issues in subsequent proceedings in the case and to carry the appellate court's mandate into effect according to its terms." *Id.*

[¶7] In their summary judgment motion, the Companies argued they were entitled to a judgment declaring no valid lease was formed and finding the County was unjustly enriched by receiving the Companies' bonus payments. Although the County argued the Companies waived their right to contest the County's lease bidding process, the County did not argue the Companies waived their unjust enrichment claim. The district court granted the Companies' summary judgment motion, concluding the leases were void

2

because the County violated the statutory notice and bidding requirements, and the County was unjustly enriched and its laches defense failed. *Twin City Tech.*, 2019 ND 128, ¶ 4.

[¶8]   On appeal of the district court's summary judgment, the County argued, in relevant part, that it did not violate the statutory advertising requirements, the Companies were barred from contesting the lease bidding process based on waiver and laches, and the unjust enrichment process is unavailable when parties have an express agreement. We affirmed the part of the court's judgment that concluded the leases were invalid for violating the advertising requirements, and we reversed and remanded the laches issue. *Twin City Tech.*, 2019 ND 128, ¶¶ 14, 18. We noted the parties' remaining arguments were either unnecessary to our decision or without merit. *Id.* at ¶ 19. Thus, the County failed to successfully challenge the unjust enrichment ruling in its prior appeal, and the County's present argument that the Companies failed to meet their burden to prove unjust enrichment is barred by the law of the case doctrine.

[¶9]   The County contends we remanded for consideration of all of the parties' equitable arguments, referencing the opening paragraph of the decision, which states that we "remand for consideration of the parties' equitable arguments relating to the lease bonus payments." *Twin City Tech.*, 2019 ND 128, ¶ 1. The County, however, disregards the discussion later on in the decision where we exclusively address laches, *id.* at ¶¶ 15-18, and conclude "there are genuine issues of material fact as to whether laches applies to bar the [Companies]' claim for repayment of the bonuses," *id.* at ¶ 18. The next sentence then provides the more specific remand instruction, stating that we "remand for proceedings related to whether the [Companies]' delay in bringing their lawsuit was unreasonable, and whether the County was prejudiced by the delay." *Id.* Our decision did not state the district court on remand was to consider waiver or unclean hands.

[¶10] The County did not raise the defenses of waiver of the unjust enrichment claim or unclean hands during summary judgment or on the first appeal. Further, our prior decision made clear that we remanded to the district court

for consideration of the County's laches defense to the Companies' claim for repayment of the bonuses. Accordingly, the County was barred from raising waiver and unclean hands on remand and is barred from raising them now on appeal. *See Pennington*, 2021 ND 105, ¶ 17 (concluding that "[b]ecause a final judgment was entered and reviewed on appeal, with this Court reversing and remanding on a specific issue, the Plaintiffs are precluded from raising new issues on remand").

## III

[¶11] The County argues the district court erred in finding laches did not bar the Companies' unjust enrichment claim. In the prior appeal, we discussed our laches doctrine:

> A stale claim may be barred by the equitable defense of laches. Laches is a delay or lapse of time in commencing an action that works a disadvantage or prejudice to the adverse party because of a change in conditions during the delay. Laches does not arise from a delay or lapse of time alone, but is a delay in enforcing one's rights which works a disadvantage to another. The party against whom laches is sought to be invoked must be actually or presumptively aware of his rights and must fail to assert them against a party who in good faith permitted his position to become so changed that he could not be restored to his former state. The party invoking laches has the burden of proving he was prejudiced because his position has become so changed during the delay that he cannot be restored to the status quo.

*Twin City Tech.*, 2019 ND 128, ¶ 16 (cleaned up). Generally, laches is a question of fact. *Bakken v. Duchscher*, 2013 ND 33, ¶ 20, 827 N.W.2d 17. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction the district court made a mistake. *Id.*

[¶12] The district court found the Companies became aware of the title concerns affecting the leased minerals in June 2013 when they received a letter from Hess Corporation identifying "incurable title defects." The court found the

Companies notified the County in April 2015 when they sent a letter requesting a return of the bonus payments, which the court calculated to be a delay of 677 days. The County argues the district court erred in determining the length of the delay in commencing the action. The County asserts the Companies had constructive notice in 2012 of the title issues because of their knowledge of the subject lands' proximity to the Missouri River, contact with Hess Corporation in 2012, and a due diligence period they were provided. The County contends the end of the delay was not the April 2015 letter, but rather the filing of the amended complaint in November 2016. Because the length of delay in commencing suit is only material to the laches analysis if the adverse party was prejudiced by the delay, we turn to the issue of prejudice.

[¶13] The County contends it was prejudiced by the Companies' delay in commencing the action because a witness passed away before it could elicit his testimony. Specifically, the County argues Grant Archer represented the Companies in negotiating the leases and was a crucial witness in this matter. The county auditor testified that Archer's mental status began declining in 2015 and worsened in 2017 and that he passed away in October 2018. The County asserts Archer could have testified to the Companies' role in the bidding process, how he discovered the minerals were available to lease, and any complications due to the minerals' location. To the extent the County is arguing Archer's testimony would have been a defense to the statutory advertising requirements, that argument is foreclosed by the law of the case and the mandate rule. Additionally, the County fails to explain how Archer's testimony would be relevant to defending against the Companies' unjust enrichment claim.

[¶14] The Companies argue the county auditor is not a medical professional competent to testify on Archer's mental status and the County could have attempted to depose Archer prior to his passing. The County does not dispute that it never attempted to depose Archer, arguing instead that Archer's testimony wasn't significant until the allegations in the amended complaint were lodged in November 2016. However, even if that were the case, the County had almost two years to depose Archer before his passing and failed to do so. We conclude the County could not have been prejudiced by any delay in

5

the Companies commencing suit because Archer's testimony was either irrelevant to the prevailing claims in this case or not diligently pursued by the County. Thus, if the County was prejudiced, it was a result of its own inaction.

[¶15] The County also argues the Companies' delay in bringing suit prejudiced it financially because it spent the bonus payments on constructing a county building. The County asserts that if the Companies had not delayed bringing suit, it would not have spent the bonus payments. The district court, however, found the building project was approved before the County received the bonus payments and was not dependent on the bonus payments for completion. The court found the County spent the bonus payments at least by the end of August 2012, and thus there was no change in the County's position from August 2012 to 2015, when the Companies filed suit.

[¶16] The County contends that the building project was still "fluid" after receiving the bonus payments and that in April 2012 certain project features were still being decided and depended on the bonus payments. The record does not support the County's contention. The County's April 2012 meeting minutes show the County considered bids for the building project, determined the project would cost $5.3 million, and agreed the money would be "found somewhere." After approving the project bids, the meeting minutes note that money had been set aside in a separate fund consisting of "crew housing permit fees and oil leases." The district court found there was no evidence that even if the Companies had discovered the title defects immediately after signing the leases and notified the County, the County would have forgone or scaled back the building project.

[¶17] The County also argues that although funds are available in its general fund, those funds are a part of the budget and are earmarked for specific expenditures. The County asserts that for it to repay the bonuses, it would have to tax its citizens or cut funding to a project or program. However, the county's finance director testified the County could take out a loan to pay for a project. Moreover, the county auditor testified that for budget year 2015 the County had about $18 million in its general fund allocated to a budget and about $20 million unallocated in its general fund. The court found the County

6

had adequate unallocated funds in its general fund at all times from the end of 2012 to the end of 2015.

[¶18] On the basis of its findings, the district court concluded laches did not apply. We conclude the district court's findings are not clearly erroneous, and it did not err by concluding laches did not bar the Companies' unjust enrichment claim.

IV

[¶19] The district court awarded the Companies prejudgment interest on their unjust enrichment claim dating back to September 30, 2015. The County argues the court abused its discretion by not starting prejudgment interest from the date of filing the amended complaint, November 8, 2016, which first included the advertising violation claim.

[¶20] The district court awarded prejudgment interest under N.D.C.C. § 32-03-05, which provides, "In an action for the breach of an obligation not arising from contract . . . interest may be given in the discretion of the court . . . ." A court has broad discretion under N.D.C.C. § 32-03-05 in determining whether to award prejudgment interest. *Gonzalez v. Tounjian*, 2003 ND 121, ¶ 37, 665 N.W.2d 705. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; if its decision is not the product of a rational mental process leading to a reasoned determination; or if it misinterprets or misapplies the law. *Id.*

[¶21] The Companies are entitled to recover the bonus payments on the basis of their unjust enrichment claim. The parties do not dispute the amount of the bonus payments ($1,314,506.80) and, therefore, the amount the County was unjustly enriched. Further, the district court found the Companies paid the bonus payments to the County in March 2012, which the parties stipulated was an undisputed fact. Thus, the County was unjustly enriched in the amount of $1,314,506.80 by no later than the end of March 2012.

[¶22] Additionally, the district court found the County was put on notice of the potential title issues in April 2015, when the Companies sent a letter to the

County. The letter stated, in part, the Companies learned from Hess Corporation that the County did not own any interest in the subject minerals, the County's solicitation of bids to lease the interests was presumably a mistake, and the Companies requested the return of the bonus payments if the County did not have a basis for claiming ownership of the minerals. In September 2015, the Companies sued the County for rescission, declaratory relief proclaiming the contract was invalid based on lack of mutual assent, and unjust enrichment. In November 2016, the Companies amended their complaint to allege the contract was invalid due to the advertising violation, instead of a lack of mutual assent. Despite this amendment, however, the County was already on notice from the April 2015 letter and original complaint that the Companies alleged it did not own the subject minerals and the Companies were requesting the County refund the bonus payments. We conclude the district court did not abuse its discretion by starting prejudgment interest on September 30, 2015.

V

[¶23] The County argues the district court erred when it ordered a bench trial, rather than a jury trial.

[¶24] "Whether a party is entitled to a jury trial depends upon whether the case is an action at law or an action in equity." *First Nat'l Bank & Tr. Co. of Williston v. Brakken*, 468 N.W.2d 633, 635 (N.D. 1991). "In an equitable proceeding there is no absolute right to a trial by jury." *Barker v. Ness*, 1998 ND 223, ¶ 6, 587 N.W.2d 183. Laches is an equitable defense. *Stenehjem ex rel. State v. Nat'l Audubon Soc'y, Inc.*, 2014 ND 71, ¶ 15, 844 N.W.2d 892. Because there is no absolute right to a jury trial in this case, whether to try the laches issue before an advisory jury was within the court's discretion. N.D.R.Civ.P. 39(c)(1). The district court found an advisory jury would add unnecessary expense, time, and complexity. The court did not abuse its discretion by holding a bench trial on the equitable defense of laches.

8

# VI

[¶25] The County argues the district court abused its discretion in granting the Companies' motion to compel discovery because the Companies failed to confer in good faith and because the Companies' contention interrogatories sought protected materials. We review an order compelling discovery under the abuse of discretion standard. *PHI Fin. Servs., Inc. v. Johnston Law Office, P.C.*, 2016 ND 114, ¶ 9, 881 N.W.2d 216.

[¶26] A party moving for an order compelling discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action." N.D.R.Civ.P. 37(a)(1). We have discussed the "good faith" requirement under the federal rule:

> "Good faith" under [Fed.R.Civ.P. 37(a)(1)] contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action. "Good faith" is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred. Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.

*PHI Fin. Servs.*, 2016 ND 114, ¶ 11 (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)). Whether a party acted in good faith under N.D.R.Civ.P. 37(a)(1) is a question of fact, which we review under the clearly erroneous standard. *PHI Fin. Servs.*, at ¶ 12.

[¶27] The Companies made a written discovery request to the County to answer a series of interrogatories. The County objected to interrogatories numbered 13-15. After receiving the objections, the Companies' attorney wrote a letter to the County's attorney providing the Companies' reasoning as to why he believed the objections were without merit and requested that the County

answer the interrogatories. The County's attorney responded, further explaining his objections. Following the County's letter, the Companies moved to compel discovery. The district court found that although the Companies did not make an "exhaustive effort," they made a good-faith effort to confer with the County.

[¶28] The County argues the Companies did not confer in good faith and asserts the parties in *PHI Financial Services* communicated several times, via both written correspondence and telephone. In *PHI Financial Services*, we upheld the district court's finding that the movant, in good faith, attempted to confer with the opposing party before moving to compel discovery. 2016 ND 114, ¶ 13. The only additional communication in *PHI Financial Services* was the movant's unanswered voicemail. *Id.* at ¶¶ 4, 13. We conclude the district court did not clearly err by finding the Companies made a good-faith effort to confer with the County.

[¶29] The County contends interrogatories 13-15 sought protected materials in the form of legal opinions and conclusions. Those interrogatories provided:

> Interrogatory No. 13: Identify and describe all the facts or circumstances that you contend support your argument that the defense of laches bars Plaintiffs from recovering the value of the bonus payments.

> Interrogatory No. 14: Identify and describe how Williams County will be prejudiced or disadvantaged by having to return the bonus payments.

> Interrogatory No. 15: Identify the start date and end date for the period of delay you contend supports your defense of laches.

[¶30] The County provides no legal support for its argument. The Companies assert these were contention interrogatories, expressly contemplated by N.D.R.Civ.P. 33(a)(2), which provides, "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." The district court found the interrogatories were not requesting any statement, document, or tangible thing prepared in anticipation of litigation and thus were not requesting attorney work product.

We conclude the County has failed to show that these interrogatories require it to disclose attorney work product or otherwise violate a rule of discovery. Accordingly, the court did not abuse its discretion in compelling discovery.

VII

[¶31] The County argues the district court abused its discretion in awarding the Companies their expenses and attorney's fees incurred in moving to compel discovery. The County contends some of the attorney's fees and expenses awarded were unreasonable.

[¶32] If a motion to compel discovery is granted, the court must award reasonable expenses, including attorney's fees, unless an exception applies. N.D.R.Civ.P. 37(a)(5)(A). A district court is "considered an expert in determining the amount of attorney fees," and "[i]ts decision concerning the amount and reasonableness of the attorney's fees will not be overturned on appeal absent a clear abuse of discretion." *Riemers v. State*, 2008 ND 101, ¶ 8, 750 N.W.2d 407.

[¶33] The County argues that the rates of two shareholders in the law firm representing the Companies were excessive and that their work was redundant or duplicative of the associate attorneys at the law firm, noting the review and preparation time spent by the shareholders. The County, however, does not provide any legal or factual support for the rates being excessive or for relatively modest review and preparation work performed by the shareholders being unreasonably duplicative or redundant. The Companies' attorneys expended 25.70 hours drafting the motion to compel and its supporting documents, researching the issues, and preparing for and participating in the hearing on the motion, amounting to $6,780.50 in attorney's fees. *See N.D. Dep't of Transp. v. Schmitz*, 2018 ND 113, ¶ 6, 910 N.W.2d 874 ("The number of hours spent in total and the rate per hour are the predominant factors in determining reasonable attorney fees."). We conclude the district court did not abuse its discretion in concluding the attorney's fees were reasonable.

[¶34] The County also asserts the court improperly awarded the Companies' legal research (Westlaw) expense. "[E]lectronic legal research fees are a component of attorney fees and cannot be separately taxed as costs." *Heng v. Rotech Med. Corp.*, 2006 ND 176, ¶ 37, 720 N.W.2d 54. The Companies listed "Research via Westlaw" for $420 under the heading "Costs and Other Charges." Because the legal research was separately taxed as costs, as opposed to being a component of attorney's fees, we modify the district court order awarding expenses and attorney's fees under N.D.R.App.P. 35(a)(1) to subtract the legal research expense of $420 from the award of $7,204.55.

## VIII

[¶35] We affirm the judgment, and orders granting a bench trial and compelling discovery, and modify the order awarding expenses and attorney's fees, subtracting the legal research expense.

[¶36] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

I concur in the result.
Gerald W. VandeWalle

12