2016 ND 36

**Shannon DIETERLE, Plaintiff and Appellee**

v.

**Angela DIETERLE, n/k/a/ Angela Hansen, Defendant and Appellant.**

No. 20150087.

Supreme Court of North Dakota.

Feb. 18, 2016.

Rehearing Denied March 15, 2016.

Rodney E. Pagel, Bismarck, N.D., for plaintiff and appellee.

Angela Hansen, Granville, N.D., defendant and appellant.

KAPSNER, Justice.

[¶ 1] Angela Dieterle, now known as Angela Hansen, appeals from an order finding her in contempt of court for failing to cooperate in the sale of marital property and failing to follow a parenting plan. We conclude the district court did not abuse its discretion in finding Hansen in contempt, and we affirm.

I

[¶ 2] In *Dieterle v. Dieterle,* 2013 ND 71, ¶¶ 1, 39, 830 N.W.2d 571, we affirmed a judgment granting Shannon Dieterle and Hansen a divorce, awarding Dieterle primary responsibility of the parties' minor child, ordering Dieterle to pay Hansen spousal support, distributing the parties' marital property, and ordering the sale of the parties' ranch and equal distribution of the net proceeds from the sale. We also remanded for the district court to issue a parenting plan consistent with the best interests of the minor child. *Id.* at ¶¶ 1, 20, 39.

[¶ 3] After protracted proceedings and hearings at which Hansen was represented by counsel, the district court issued an order on December 26, 2014, establishing a parenting plan and addressing various other motions by the parties. The court prefaced its decision with "concerns about [Hansen's] credibility [noting s]he was evasive on the stand during the hearings and provided little useful information to the court regarding the best interests of the child." The court explained:

The facts as set forth in the record from the trial and from the hearings on remand makes it abundantly clear that the parties do not get along with each other [and] are unable to effectively communicate regarding the best interests of B.L.D. Of particular concern is the difficulty experienced by the parties during the exchanges for parenting time. The exchanges have become traumatic, drawn-out affairs, even when law enforcement and or other third parties are involved. Although [Hansen] asserts that B.L.D. suffers from separation anxiety and adjustment disorder which

leads to difficulty during the exchanges, the weight of the evidence indicates that the behavior of [Hansen] during her parenting time and during the exchanges is the primary cause of difficulties experienced. The conduct of [Hansen] appears to be geared toward alienating the child from her father. It is behavior which the court will not tolerate and, if it persists it, will result in reduced, and possibly supervised, parenting time for [Hansen].

[¶ 4] The district court denied Dieterle's motion to find Hansen in contempt and Hansen's motion to modify primary residential responsibility. In denying Dieterle's motion to find Hansen in contempt, the court explained that although she had not complied with the court's previous decision for distribution of marital property, including executing a listing agreement for the sale of the parties' ranch, her actions were not an intentional disobedience of the court's order. The court said, however, any further attempts to delay distribution of the marital property would not be tolerated, and the court ordered Hansen to sign a listing agreement for the sale of the ranch within 14 days. The court also awarded Dieterle reimbursements from Hansen's share of the proceeds of the sale of the ranch for mortgage payments he made on the ranch and for payments he made on a vehicle awarded to her in the divorce.

[¶ 5] On January 23, 2015, Hansen filed a self-represented appeal from the December 26, 2014 order, and she moved for a stay of the provision requiring her to sign a listing agreement for the sale of the ranch. Hansen's motion for a stay was denied by the district court on March 25, 2015, and by this Court on March 30, 2015. Her appeal from the December 2014 order was dismissed by this Court on August 5, 2015, because she failed to file an appellate brief and appendix.

[¶ 6] Meanwhile, on February 10, 2015, Dieterle filed an order to show cause to hold Hansen in contempt of the December 26, 2014 order for failing to cooperate in the sale of the parties' ranch and failing to comply with the parenting plan. The district court issued an order to show cause requiring Hansen to personally appear before the court on March 4, 2015, "to show cause, if you have any, why you should not be declared in contempt" for failing to comply with the court's orders. On February 13, 2015, the court issued an amended notice of hearing for March 5, 2015. On February 18, 2015, Hanson filed an affidavit in opposition to the order to show cause. On February 27, 2015, she moved for a continuance, claiming she had "not yet been able to secure proper legal representation at this time." The court denied her request for a continuance in an order signed February 27, 2015.

[¶ 7] Hansen represented herself at the March 5, 2015 contempt hearing and claimed she had not been advised the proceeding would be an evidentiary hearing. After an evidentiary hearing, the district court found Hansen in contempt of court for failing to cooperate in the exchange of the parties' personal property and the sale of the parties' ranch and for violating the parenting plan. For refusing to cooperate in the exchange of the parties' personal property, the court ordered Hansen to pay Dieterle an additional $5,577.50 for the value of that personal property out of her share of the proceeds of the sale of the ranch. For refusing to sign a listing agreement and to cooperate in the sale of the ranch, the court required Hansen to remove herself and all her personal property from the ranch by March 31, 2015, and authorized Dieterle to have sole possession of the ranch beginning on April 1,

2015, for purposes of selling the ranch. The court awarded Dieterle certain additional deductions from the proceeds of the sale of the ranch for costs, other expenses, and $2,500 for attorney fees. The court also found Hansen in contempt for failing to comply with the parenting plan, citing several instances of her noncompliance with the plan after the court's December 26, 2014 order. Hansen appealed from the contempt order.

## II

[¶ 8] On appeal, Hansen makes numerous claims that we group into the following categories: (1) the district court erred in finding her in contempt of the December 26, 2014 order establishing a parenting plan because she had appealed from that order and filed a good-faith application for a stay, which was pending when the court found her in contempt; (2) the court erred in finding her in contempt of the parenting plan because she did not receive proper notice of an evidentiary hearing and was denied her right to due process; (3) the court erred in finding her in contempt of the parenting plan because she made good-faith efforts to cooperate; and (4) the court erred in evicting her from the ranch because the terms of the ranch sale were clearly erroneous and she made a good-faith effort to sell the ranch.

## A

[¶ 9] Some of Hansen's claims involve issues decided in the district court's December 26, 2014 order; however, this Court dismissed her appeal from that order because she failed to file an appellate brief and appendix. To the extent Hansen raises claims about the propriety of the court's December 2014 order, those issues are not before this Court and we do not address them. *See In re Guardianship of G.L.*, 2011 ND 10, ¶ 11, 793 N.W.2d 192 (appellant may not collaterally attack efficacy of earlier unappealed decision).

## B

[¶ 10] To the extent Hansen raises issues about the district court's authority to find her in contempt while her appeal and her request for a stay from the December 26, 2014 order were pending, we rejected a similar claim in *Holkesvig v. Welte*, 2012 ND 14, ¶ 6, 809 N.W.2d 323:

First, the district court retained jurisdiction to hold Holkesvig in contempt for violating the order that was pending on appeal to this Court. *See, e.g., Peters–Riemers v. Riemers*, 2003 ND 96, ¶ 16, 663 N.W.2d 657. Second, to the extent Holkesvig challenges the injunctive order that was pending on appeal, Holkesvig was required to comply with the order even if he thought it was erroneous. *See Bertsch v. Bertsch*, 2007 ND 168, ¶ 15, 740 N.W.2d 388. "Where a court has issued an order, even if erroneous, the party to whom the order was issued must obey it as long as it remains in force or until it is reversed, modified or set aside on appeal, and the failure to obey such an order is punishable as contempt of court." *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 11, 598 N.W.2d 499; *see also State v. Sevigny*, 2006 ND 211, ¶ 37, 722 N.W.2d 515 ("Intentional disobedience of a court order constitutes contempt, and absent a showing that an order is transparently invalid or frivolous, the order must be obeyed until stayed or reversed by orderly review."). In any event, Holkesvig did not challenge the injunctive order in the prior appeal, and we affirmed that order in *[Holkesvig v.] Welte*, 2011 ND 161, ¶ 14, 801 N.W.2d 712.

[¶ 11] In *Flattum–Riemers*, 1999 ND 146, ¶ 11, 598 N.W.2d 499 (quoting 17 Am. Jur. 2d *Contempt* § 147 (1990)), we said

"[a]n alleged contemnor who feels that an order is erroneous has an adequate remedy to have it reviewed by way of appeal, and absent a stay, is required to comply promptly with the order pending appeal." *See also State v. Manning,* 2006 ND 125, ¶ 9, 716 N.W.2d 466.

[¶ 12] Here, Hansen's request for a stay of the December 26, 2014 order was denied by the district court and this Court, and she was subject to contempt proceedings if she failed to obey that order while her appeal was pending. This Court ultimately dismissed her prior appeal from that order because she failed to file an appellate brief and appendix, and we reject her claim she could not be found in contempt of the December 26, 2014 order.

## C

[¶ 13] Hansen argues she was deprived of due process because she did not know the proceeding for the March 5, 2015 order to show cause hearing would be an evidentiary hearing.

[¶ 14] This record includes Dieterle's February 10, 2015 application for an order to show cause, requesting the district court to issue an order to show cause to Hansen to appear and show cause why she should not be held in contempt for failure to comply with the court's December 26, 2014 order. The application was served on Hansen on February 10, 2015, and on February 11, 2015, the court issued an order to show cause for Hansen to personally appear before the court on March 4, 2015, to show cause why she should not be held in contempt. On February 14, 2015, an amended notice of hearing was issued, changing the hearing date to March 5, 2015. Hansen filed documents in opposition to the order to show cause and also requested a continuance, which the court denied. Hansen represented herself at the March 5, 2015 hearing, and at the beginning of the hearing, she claimed she had not been advised the proceeding would be an evidentiary hearing.

[¶ 15] Procedural due process generally entails notice and a meaningful opportunity for a hearing appropriate for the nature of the case. *State v. One Black 1989 Cadillac,* 522 N.W.2d 457, 463 (N.D. 1994). In *Balvitsch v. Dakota Burger N Fries, Corp.,* 2014 ND 37, ¶¶ 6–8, 842 N.W.2d 908, we discussed due process in the context of a remedial sanction for contempt outside the presence of the court:

Contempt of court includes the "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate[.]" N.D.C.C. § 27–10–01.1(1)(c). A court may impose remedial or punitive sanctions for contempt. N.D.C.C. § 27–10–01.2. Payment of money to compensate a party, including for costs and expenses incurred as a result of the contempt, is a remedial sanction. N.D.C.C. § 27–10–01.4(1)(a). Section 27–10–01.3(1)(a), N.D.C.C., provides the procedural requirements for imposing remedial sanctions, and states:

The court on its own motion or motion of a person aggrieved by contempt of court may seek imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may impose a remedial sanction authorized by this chapter.

In addition to the procedure set out in N.D.C.C. § 27–10–01.3, when an act punishable as contempt is not committed in the court's presence, the court may "[o]rder the accused to show cause at a specified time and place why the accused should not be punished for the alleged offense[.]" N.D.C.C. § 27–10–07.

Section 27–10–01.3, N.D.C.C., requires notice and hearing before a court may impose a remedial sanction for contempt. *See also Holkesvig v. Welte,* 2012 ND 14, ¶ 11, 809 N.W.2d 323. An order to show cause is equivalent to a notice of motion and provides notice of the contempt proceedings. N.D.C.C. § 27–10–08. The notice must be sufficiently precise to advise the contemnor of the issues involved. *Cf. Jorgenson v. Ratajczak,* 1999 ND 65, ¶ 23, 592 N.W.2d 527 (a notice of motion and motion are adequate if they are sufficiently precise to advise the adversary and the court of the issue involved). "A failure to follow the procedural dictates of N.D.C.C. § 27–10–01.3 is fatal to a court's order of contempt and the resulting sanction." *Holkesvig,* at ¶ 11.

Furthermore, due process requires that the contemnor receive notice and a fair hearing when the alleged contempt involves conduct occurring outside the court's presence. *See Baier v. Hampton,* 417 N.W.2d 801, 806 (N.D.1987); *see also Groppi v. Leslie,* 404 U.S. 496, 502–03 [92 S.Ct. 582, 30 L.Ed.2d 632] (1972). To adequately provide notice for purposes of due process, the contemnor is entitled to "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 [70 S.Ct. 652, 94 L.Ed. 865] (1950). The purpose of the notice requirement is to inform the contemnor of the nature of the proceedings so there is no unfair surprise and to enable the contemnor to prepare a defense. *See Autotech Tech. LP v. Integral Research & Dev. Corp.,* 499 F.3d 737, 748 (7th Cir.2007); *see also Morrell v. North Dakota Dep't of Transp.,* 1999 ND 140, ¶ 9, 598 N.W.2d 111.

[¶ 16] Hansen received notice of the March 5, 2015 hearing on the order to show cause why she should not be held in contempt of the court's December 26, 2014 order. The notice plainly informed Hansen she was required to appear and show cause why she should not be held in contempt. Hansen received an Application for Order to Show Cause and Plaintiff's Affidavit in Support of Order to Show Cause which described the specific allegations of her failure to comply with the order. The alleged contempt occurred outside the presence of the court, and due process requires an evidentiary hearing for contempt committed outside the presence of the court. *See Baier v. Hampton,* 417 N.W.2d 801, 806 (N.D.1987). Hansen may not rely on her status as a self-represented litigant to ignore the language and allegations in the notice of hearing or the requirement for an evidentiary hearing. *See, e.g., In re Estate of Gassmann,* 2015 ND 188, ¶ 13, 867 N.W.2d 325 (self-represented litigant is held to same procedural rules as litigants represented by counsel and statutes and rules are not applied differently when a party is self-represented). Hansen had an adequate opportunity to be heard on the issues at the hearing on the order to show cause, and the record of the hearing reveals the court did not improperly limit her in presenting her case. *See Hartleib v. Simes,* 2009 ND 205, ¶ 15, 776 N.W.2d 217 (court is given broad discretion over presentation of evidence and conduct of hearing). We reject Hansen's due process claims.

**D**

[¶ 17] Hansen's remaining arguments involve the merits of the district court's contempt decision.

[¶ 18] In a civil contempt proceeding, a complainant must clearly and satisfactorily show that the alleged con-

tempt has been committed. *Spilovoy v. Spilovoy*, 488 N.W.2d 873, 875 (N.D.1992). Civil contempt requires a willful and inexcusable intent to violate a court order. *Id.* When reviewing a contempt decision, the ultimate determination of whether or not a contempt has been committed is within the district court's sound discretion. *Woodward v. Woodward*, 2009 ND 214, ¶ 6, 776 N.W.2d 567. A court's finding of contempt will not be overturned on appeal unless there is a clear abuse of discretion. *Id.* An abuse of discretion occurs when the court acts in an arbitrary, unreasonable, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned decision, or when it misinterprets or misapplies the law. *Id.*

[¶ 19] Evidence in the record supports the district court's decision finding Hansen in contempt for failing to cooperate in the distribution and sale of the marital property, including the parties' ranch, and failing to comply with the parenting plan. We conclude the court's decision is not arbitrary, capricious, or unreasonable, is the product of a rational mental process leading to a reasoned decision, and is not a misapplication of the law. We therefore conclude the court did not abuse its discretion in finding Hansen in contempt.

### III

[¶ 20] We have considered Hansen's remaining claims, and we conclude they are without merit or unnecessary to our decision. We affirm the order.

[¶ 21] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.