2017 ND 155

**Aeryn PETERSON, Plaintiff and Appellant**

v.

**Cory SCHULZ, Defendant and Appellee**

No. 20160377

Supreme Court of North Dakota.

Filed 6/29/2017

Rodney E. Pagel, Bismarck, ND, for plaintiff and appellant.

Stacy M. Moldenhauer, Bismarck, ND, for defendant and appellee.

Crothers, Justice.

[¶ 1] Aeryn Peterson appeals from an order to show cause and an order finding her in contempt. She argues the district court abused its discretion by finding her in contempt and ordering her to pay Cody Schulz's attorneys fees. We affirm.

I

[¶ 2] Peterson and Schulz have one child together, who was born in 2004. In 2011, a judgment awarded Peterson primary residential responsibility of the child and Schulz was awarded parenting time. In 2013, the judgment was amended to modify Schulz's parenting time. Schulz was awarded parenting time every Wednesday evening and every other weekend during the school year and every other week during the summer.

[¶ 3] On August 5, 2016 Peterson moved to relocate with the child out of state. Peterson requested the court allow her to move with the child to New Mexico so she could pursue a degree in theater.

[¶ 4] On August 8, 2016 Schulz moved for an order to show cause, arguing Peter-

son violated the judgment by moving the child out of state without his consent or a court order. Schulz also requested the court order Peterson to return the child to North Dakota "immediately and no later than August 15, 2016," and award him full costs and attorneys fees for having to bring the motion. Schulz filed a supporting affidavit claiming he served Peterson with a letter on August 4, 2016, informing her he did not consent to the move, he learned Peterson and the child were in New Mexico on August 8, 2016, and Peterson refused to return the child to North Dakota.

[¶ 5] On August 11, 2016 the district court granted Schulz's motion and entered an order to show cause. The court further ordered Peterson to return the child to North Dakota by August 15, 2016.

[¶ 6] On August 15, 2016 Peterson responded to the motion for an order to show cause, arguing she was entitled to respond to the motion before the court could find she was in contempt or order her to act in any specific capacity. She claimed the court's order that she return the child to the state was improper because she did not have an opportunity to respond to the motion and a hearing had not been held.

[¶ 7] After a hearing the district court entered an order finding Peterson in contempt. The court found Peterson violated the judgment and was in contempt for moving the child to New Mexico without receiving Schulz's consent. The court awarded Schulz $1,610 in attorneys fees.

II

A

[¶ 8] Schulz argues Peterson cannot appeal from an order to show cause because it is not an appealable order. He requests the appeal regarding that order be dismissed.

[¶ 9] "Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and the orders enumerated by statute are appealable." *Jordet v. Jordet*, 2015 ND 73, ¶ 14, 861 N.W.2d 154. Section 28–27–02, N.D.C.C., governs which orders are reviewable, and states the following orders may be appealed:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon

notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

[¶ 10] An order to show cause is not a final appealable order. However, most non-appealable intermediate orders may be reviewed on an appeal from the final judgment or other final appealable order. *Tibbetts v. Dornheim*, 2004 ND 129, ¶ 11, 681 N.W.2d 798. An order finding a person guilty of contempt is a final order for purposes of appeal. N.D.C.C. § 27–10–01.3(3).

[¶ 11] Peterson appealed from both the order to show cause and the order finding her in contempt. Peterson appealed from a final appealable order and the order to show cause may be reviewed on appeal.

B

[¶ 12] Peterson argues the district court abused its discretion by entering an order to show cause and ordering her to immediately return the child to North Dakota before she had an opportunity to respond to the motion and before a hearing was held.

[¶ 13] A court has broad discretion in making contempt determinations, and its decision will not be reversed on appeal unless the court abused its discretion. *Nuveen v. Nuveen*, 2012 ND 182, ¶ 10, 820 N.W.2d 726. A court abuses its discretion if it acts in an arbitrary, unreasonable or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. *Id.* at ¶ 8.

[¶ 14] Contempt includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate[.]" N.D.C.C. § 27–10–01.1(1)(c). A court may impose a remedial sanction for contempt, including issuing "[a]n order designed to ensure compliance with a previous order of the court[.]" N.D.C.C. § 27–10–01.4(1)(d). Section 27–10–01.3(1)(a), N.D.C.C., provides procedural requirements for imposing remedial sanctions, stating:

"The court on its own motion or motion of a person aggrieved by contempt of court may seek imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may impose a remedial sanction authorized by this chapter."

Section 27–10–01.3, N.D.C.C., requires notice and hearing before a remedial sanction can be imposed, and this Court has said an order to show cause is equivalent to a notice of motion and provides notice of the contempt proceedings. *Dieterle v. Dieterle*, 2016 ND 36, ¶ 15, 875 N.W.2d 479.

[¶ 15] Rule 8.2(a), N.D.R.Ct., provides the procedural requirements for a court to enter an ex parte interim order in a domestic relations case, stating:

"(1) No interim order may be issued except on notice and hearing unless the court specifically finds exceptional circumstances. Exceptional circumstances include:

(A) threat of imminent danger to any party or minor child of the party; or

(B) circumstances indicating that an ex parte interim order is necessary to protect the parties, any minor chil-

dren of the parties, or the marital estate.

. . .

(4) If there has been an appearance in the action by the opposing party, or if the attorney for the moving party has knowledge that the opposing party is represented by an attorney, the attorney for the moving party must notify the court. After receiving notice of the appearance or representation, the court must attempt to hold an emergency hearing, either in person or by telephonic conference, at which both parties may be heard, before issuing any order. The issuance of an order following an emergency hearing will in no manner affect a party's right to a further hearing on the merits of the order as provided in N.D.R.Ct. 8.2(a)(5)."

If a party requests an ex parte interim order for affirmative relief, the parties and the court must comply with the requirements of N.D.R.Ct. 8.2 before granting the party's request for relief.

[¶ 16] Schulz moved for an order to show cause why Peterson should not be held in contempt for violating the judgment, but he also requested that the court order Peterson to return the child to North Dakota immediately and no later than August 15, 2016. Schulz requested an ex parte interim order for affirmative relief. Section 27–10–01.3, N.D.C.C., authorizes the court to impose a remedial sanction after notice and hearing. Rule 8.2(a), N.D.R.Ct., requires notice and a hearing unless the court specifically finds there are exceptional circumstances, and further requires that the court attempt to hold an emergency hearing before issuing any interim order. The court did not attempt to hold a hearing, either in person or by telephone, before ordering Peterson to return the child to North Dakota. The court did not comply with statutory requirements to order the return of the child as a remedial sanction, and the court did not comply with procedural requirements for an ex parte interim order. The order to show cause gave affirmative relief without complying with statutory requirements or procedural rules; however, under the facts and circumstances of this case there is no remedy for the violation.

### III

[¶ 17] Peterson argues the district court abused its discretion by finding she was in contempt for moving with the child to New Mexico. She claims the contempt was not clearly and satisfactorily proven because no evidence establishes she intentionally disobeyed the judgment.

[¶ 18] In civil contempt proceedings the complainant must clearly and satisfactorily show the alleged contempt has been committed. *Dieterle*, 2016 ND 36, ¶ 18, 875 N.W.2d 479. Contempt requires a willful and inexcusable intent to violate a court order. *Id.* Deciding whether contempt has been committed is addressed to the court's discretion, and the court's finding will not be overturned on appeal unless a clear abuse of discretion exists. *Id.*

[¶ 19] The district court found Peterson violated the judgment and was in contempt for "leaving the State of North Dakota with [the child] and moving her to New Mexico without receiving consent from [Schulz]." During the hearing, the court explained it was finding Peterson violated the judgment and was in contempt because Peterson left with the child after Schulz informed her he did not consent to the move.

[¶ 20] The judgment states, "The parties are aware of the provisions of N.D.C.C.

§ 14–09–07 which provides the legal restrictions and basis for moving out of state with the minor child and agree to abide by the same." Section 14–09–07(1), N.D.C.C., provides "A parent with primary residential responsibility for a child may not change the primary residence of the child to another state except upon order of the court or with the consent of the other parent, if the other parent has been given parenting time by the decree." The judgment required Peterson to comply with N.D.C.C. § 14–09–07 and obtain Schulz's consent or a court order before moving out of state with the child.

[¶ 21] Peterson argues she believed Schulz consented to her decision to relocate to New Mexico with the child and Schulz did not prove she intentionally disobeyed the judgment. She claims she reasonably believed Schulz consented to the move because she sent him an email seeking his consent in May 2016, she told him she would be going to New Mexico in July to look for housing, and in July 2016 she provided him with a stipulation to amend the judgment.

[¶ 22] Peterson testified she moved to New Mexico in the second week of August 2016. She testified she believed she had Schulz's consent for the move in July, she gave him a stipulation to sign to amend the judgment, and she told him about her plans to enroll the child in school and find a place to live. Peterson testified she did not know Schulz was not consenting to the move until July 23, after she finalized all of her relocation plans.

[¶ 23] Schulz never signed the stipulation to amend the judgment. Schulz served Peterson with a letter stating he was not consenting to move the child to New Mexico, Peterson was prohibited from moving the child out of state because she did not have his consent or a court order, and he was demanding she comply with the judgment and keep the child in North Dakota. Peterson moved to New Mexico with the child after receiving Schulz's letter.

[¶ 24] The evidence established Peterson moved to New Mexico with the child after Schulz informed her he was not consenting to the relocation. Although it is unfortunate Schulz waited to tell Peterson he was not consenting to the move until after she made arrangements to relocate, the evidence establishes Peterson knew she did not have Schulz's consent before she moved with the child to New Mexico. Evidence supports the court's finding that Peterson violated the judgment by moving the child out of state without Schulz's consent. The court's decision was not made in an arbitrary, unreasonable or unconscionable manner; therefore the court did not abuse its discretion by holding Peterson in contempt.

IV

[¶ 25] Peterson argues the district court abused its discretion by ordering her to pay Schulz's attorneys fees because there was no showing of a willful and inexcusable intent to violate a court order.

[¶ 26] Under N.D.C.C. § 27–10–01.4(1)(a), as a remedial sanction the court may order "[p]ayment of a sum of money sufficient to compensate a party or complainant, other than the court, for a loss or injury suffered as a result of the contempt, including an amount to reimburse the party for costs and expenses incurred as a result of the contempt[.]" The district court may award attorneys fees as part of the compensation to the complainant in contempt proceedings as reimbursement for costs and expenses incurred as a result

of the contempt. *Peterson v. Peterson,* 2016 ND 157, ¶ 15, 883 N.W.2d 449.

[¶ 27] The district court awarded Schulz $1,610 for attorneys fees and expenses he incurred when seeking the court's order returning the child to North Dakota. The court did not abuse its discretion by ordering Peterson to pay Schulz's attorneys fees and expenses.

## V

[¶ 28] We affirm the order finding Peterson in contempt.

[¶ 29] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.