Jensen, Justice.
 

 [¶1] Steven Kelly and Spirit Energy LLC (collectively "Spirit") appeal from a district court order holding them in contempt for failing to return leased vehicles to Kettle Butte Trucking ("KBT"). Spirit challenges the district court's underlying order that was alleged to have been violated. Spirit also argues the court did not have jurisdiction to hold it in contempt. We affirm the district court's order holding Spirit in contempt.
 

 I
 

 [¶2] KBT sued Spirit, alleging Spirit failed to pay numerous lease payments for trucks they leased from KBT. KBT requested the district court enter an order directing Spirit to show cause why KBT should not be entitled to immediate possession of the vehicles, an order granting it immediate possession of the vehicles, and a money judgment for all amounts due under the lease.
 

 [¶3] The district court entered an order to show cause, directing Spirit to show cause why KBT should not be granted immediate possession of the vehicles and why the sheriff of the county or counties in which the vehicles were located should not seize possession. After a hearing, the court ordered Spirit to immediately cease using the vehicles and to immediately make arrangements to deliver possession of the vehicles to KBT. The court further ordered that if Spirit failed to perform either act, the sheriff of the county or counties where the vehicles were located was directed to seize and take immediate possession of the vehicles and deliver them to KBT. Spirit objected to the order, arguing N.D.C.C. ch. 32-07 requires KBT to post bond before obtaining prejudgment possession of the property. The court entered an amended order, further ordering no bond was required to have sheriffs assist in taking possession and delivery of the vehicles to KBT.
 

 [¶4] KBT moved for contempt, arguing Spirit violated the underlying amended order by refusing to make arrangements for delivery of the vehicles. Spirit opposed the motion, arguing the amended order was void for lack of jurisdiction. They claimed the vehicles are stored on the Fort Berthold Indian Reservation, Kelly is an enrolled member of the Three Affiliated Tribes, tribal code provides specific procedures for repossession of personal property, and the amended order allows KBT to circumvent tribal law.
 

 [¶5] The district court entered an order to show cause why Spirit should not be held in contempt for failing to obey the court's order. After a hearing, the court concluded it had jurisdiction and found Spirit was in contempt for refusing to return the vehicles. The court ordered Spirit may purge themselves of contempt by delivering the vehicles to KBT within seven
 
 *885
 
 days, and ordered Spirit forfeit $100 every day the contempt continued if the property was not delivered within seven days.
 

 II
 

 [¶6] This Court must have jurisdiction to consider the merits of an appeal.
 
 Everett v. State
 
 ,
 
 2017 ND 93
 
 , ¶ 6,
 
 892 N.W.2d 898
 
 . "The right to appeal is jurisdictional, and we will consider the appealability of an order on our own initiative even if neither party questions the appealability."
 

 Id.
 

 (quoting
 
 Jordet v. Jordet
 
 ,
 
 2015 ND 73
 
 , ¶ 12,
 
 861 N.W.2d 154
 
 ). "The right to appeal is purely statutory, and if there is no statutory basis for appeal we must take notice of the lack of jurisdiction and dismiss the appeal."
 
 Nygaard v. Taylor
 
 ,
 
 2017 ND 206
 
 , ¶ 8,
 
 900 N.W.2d 833
 
 .
 

 [¶7] We have explained the two-step analysis for evaluating appealability:
 

 First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then [ N.D.R.Civ.P. 54(b) ], [if applicable,] must be complied with. If it is not, we are without jurisdiction.
 

 Nygaard
 
 ,
 
 2017 ND 206
 
 , ¶ 9,
 
 900 N.W.2d 833
 
 (quoting
 
 Holverson v. Lundberg
 
 ,
 
 2015 ND 225
 
 , ¶ 9,
 
 869 N.W.2d 146
 
 ). This Court may also invoke our supervisory authority under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, and issue a supervisory writ to rectify an error and prevent injustice in extraordinary cases when no adequate alternative exists.
 
 Nygaard
 
 , at ¶ 11.
 

 [¶8] Spirit's notice of appeal stated they were appealing from the order holding them in contempt. An order holding a person in contempt is a final order for purposes of appeal.
 
 See
 
 N.D.C.C. § 27-10-01.3(3) ;
 
 Peterson v. Schulz
 
 ,
 
 2017 ND 155
 
 , ¶ 10,
 
 896 N.W.2d 916
 
 . Spirit properly appealed from the contempt order.
 

 [¶9] However, Spirit argues the district court erred in issuing the underlying amended order, which ordered Spirit to return the vehicles to KBT. A contempt order is "a final order, incidental to the procedure for obtaining a judgment in the action, collateral to the merits of the case, and specifically made appealable by a special statute."
 
 Ronngren v. Beste
 
 ,
 
 483 N.W.2d 191
 
 , 193 (N.D. 1992). A contempt order may be appealed while the underlying action is pending.
 

 Id.
 

 Spirit may not raise issues attacking the underlying amended order in its appeal from the contempt order when no appeal was taken from the underlying order.
 
 See
 

 Flattum-Riemers v. Flattum-Riemers
 
 ,
 
 1999 ND 146
 
 , ¶¶ 10-11,
 
 598 N.W.2d 499
 
 (holding challenges to the validity of an underlying order would not be considered on an appeal from a contempt order when no appeal was taken from the underlying order). Spirit previously attempted to appeal from the underlying amended order, and this Court dismissed the appeal after determining that the order was interlocutory and that the district court had not provided certification under N.D.R.Civ.P. 54(b). A final, appealable judgment has not been issued in the underlying action and the amended order is an interlocutory order. Spirit's arguments attacking the amended order are not properly before us on appeal and will not be decided.
 

 III
 

 [¶10] Spirit argues the district court erred in ordering contempt. They contend the court lacked jurisdiction to issue the underlying amended order and therefore abused its discretion by finding Spirit was in contempt of the amended order. Spirit claims the vehicles are stored on the reservation,
 
 *886
 
 tribal law provides specific procedures for repossession of personal property located within the reservation's boundaries, and enforcement of the amended order would allow KBT to circumvent tribal law.
 

 [¶11] The underlying amended order requires Spirit to immediately cease using the vehicles, immediately disclose the location of the vehicles to KBT's counsel and leave the vehicles at such location, and immediately contact KBT's counsel to make arrangements to deliver possession of the vehicles to KBT. KBT moved for contempt, arguing Spirit failed to comply with the amended order because they did not make arrangements for delivery of the vehicles. The district court found Spirit was in contempt, and ruled, "[Spirit] may purge themselves of contempt by delivering the property to [KBT] in compliance with the previous order within seven (7) days of this order. If the property is not delivered within seven days, [Spirit] forfeit $100 every day the contempt continues pursuant to N.D.C.C. § 27-10-01.4(1)(c)."
 

 [¶12] Contempt includes "[i]ntentional disobediance, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate[.]" N.D.C.C. § 27-10-01.1(1)(c) ;
 
 see also
 

 Peterson
 
 ,
 
 2017 ND 155
 
 , ¶ 14,
 
 896 N.W.2d 916
 
 . "In civil contempt proceedings the complainant must clearly and satisfactorily show the alleged contempt has been committed."
 
 Peterson
 
 , at ¶ 18. "Contempt requires a willful and inexcusable intent to violate a court order."
 

 Id.
 

 We review a finding of contempt under the following standard:
 

 When reviewing a contempt sentence, the ultimate determination of whether or not a contempt has been committed is within the trial court's sound discretion. A trial court's finding of contempt will not be overturned unless there is a clear abuse of discretion. An abuse of discretion occurs when the trial court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.
 

 PHI Fin. Servs., Inc. v. Johnston Law Office, P.C.
 
 ,
 
 2016 ND 114
 
 , ¶ 22,
 
 881 N.W.2d 216
 
 (quoting
 
 Flattum-Riemers
 
 ,
 
 1999 ND 146
 
 , ¶ 5,
 
 598 N.W.2d 499
 
 ).
 

 [¶13] The district court's underlying amended order unambiguously directs Spirit to surrender the vehicles to KBT. Spirit does not challenge the district court's finding that the vehicles have not been returned to KBT; rather, Spirit challenges the underlying amended order and the district court's subject matter jurisdiction.
 

 [¶14] The challenges to the underlying amended order are the equivalent of an assertion that Spirit is excused from compliance with the amended order because the amended order is erroneous. "Where a court has issued an order, even if erroneous, the party to whom the order was issued must obey it as long as it remains in force or until it is reversed, modified or set aside on appeal, and the failure to obey such an order is punishable as contempt of court."
 
 Flattum-Riemers
 
 ,
 
 1999 ND 146
 
 , ¶ 11,
 
 598 N.W.2d 499
 
 . "A party's disagreement with how a court interpreted the law does not provide license to disobey a court order without consequence."
 
 PHI Fin. Servs.
 
 ,
 
 2016 ND 114
 
 , ¶ 23,
 
 881 N.W.2d 216
 
 . Spirit's arguments about whether the amended order is erroneous, even if correct, did not excuse their noncompliance with the amended order. Under these circumstances, the district court did not abuse its discretion by determining that Spirit should be held in contempt for their willful and inexcusable intent to violate the amended order to surrender the vehicles to KBT.
 

 *887
 
 [¶15] Spirit also argues the district court lacked subject matter jurisdiction to issue the underlying amended order and therefore abused its discretion by holding Spirit in contempt of the amended order. Spirit's subject matter challenge is narrow, limited to whether the district court can order and enforce the repossession of vehicles located on tribal land. Spirit has consented to the district court's personal jurisdiction and concedes the district court's subject matter jurisdiction over the underlying cause of action.
 

 [¶16] It is unnecessary to determine whether the district court had jurisdiction to order and enforce the repossession of vehicles located on tribal land. The court's determination that Spirit violated the underlying amended order was specific to Spirit's failure to return the vehicles to KBT.
 

 [¶17] Under N.D.C.C. § 41-02.1-73, a lessor has the right to take possession of leased goods upon default under the lease contract by the lessee, and the lessor may take possession without judicial process if it can be done without a breach of the peace or the lessor may proceed by action. The lease agreement also provides if a default occurs under the agreement the lessor has the right "to enter the premises where the Leased Personal Property may be found and take possession of and remove the same, whereupon all rights of the Lessee in [the property] shall terminate absolutely" or "to pursue any other remedy available ... as provided by law." Section 32-04-06, N.D.C.C., states, "Any person having the possession or control of a particular article of personal property of which such person is not the owner may be compelled specifically to deliver it to the person entitled to its immediate possession."
 

 [¶18] Although the vehicles may be located on the reservation and the district court may not have jurisdiction to order and enforce repossession of the vehicles, the court may order Spirit, over whom it has jurisdiction, to act in relation to the property.
 
 See
 

 Restatement (Second) of Conflict of Laws
 
 §§ 53, 55 (Am. Law Inst. 1971).
 
 Cf.
 

 Carpenter v. Strange
 
 ,
 
 141 U.S. 87
 
 , 105-06,
 
 11 S.Ct. 960
 
 ,
 
 35 L.Ed. 640
 
 (1891) (stating "while, by means of its power over the person of a party, a court of equity may, in a proper case, compel him to act in relation to property not within its jurisdiction its decree does not operate directly upon the property, nor affect the title, but is made effectual through the coercion of the defendant"). Because Spirit has consented to the district court's personal jurisdiction and conceded the district court's subject matter jurisdiction over the underlying claims, the district court has the authority to order Spirit to return the property to KBT and to hold Spirit in contempt for failing to comply with the court's directive to return the vehicles to KBT.
 

 [¶19] Spirit asserts that the order to voluntarily return the vehicles is merely a circumvention of the tribal laws governing repossession on tribal land. We disagree. A similar situation recently arose in
 
 Nygaard v. Taylor
 
 ,
 
 2017 ND 206
 
 ,
 
 900 N.W.2d 833
 
 . In
 
 Nygaard
 
 , the fathers of two minor children were granted primary residential responsibility, but the mother of the children fled with both children to the Cheyenne River Indian Reservation in South Dakota and outside the district court's jurisdiction.
 
 Id.
 
 at ¶ 2. The mother subsequently violated multiple orders issued by the district court to return the children to their fathers.
 
 Id.
 
 at ¶ 3. Although this Court recognized limitations on the length of incarceration that could be imposed on the mother as a sanction for her contempt, we recognized the mother's contempt for failing to return the children despite the fact
 
 *888
 
 that the children were located on the reservation and outside the court's jurisdiction.
 
 Id.
 
 at ¶ 20. Similarly, even if the vehicles are located outside the district court's jurisdiction, the court may still impose sanctions on Spirit for its failure to comply with the district court's amended order to return the vehicles to KBT.
 

 [¶20] We conclude the district court did not abuse its discretion in determining that Spirit violated the amended order. The court's contempt order is affirmed.
 

 IV
 

 [¶21] We affirm the district court's order holding Spirit in contempt.
 

 [¶22] Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.