20190339

FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 19, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 242

Greg Grengs,

Plaintiff and Appellant

v.

Lisa Grengs,

Defendant and Appellee

## No. 20190339

Appeal from the District Court of Renville County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Irvin B. Nodland, Bismarck, ND, for plaintiff and appellant.

Harry M. Pippin, Williston, ND, for defendant and appellee.

**Jensen, Chief Justice.**

[¶1]   Greg Grengs appeals from a judgment and decree of divorce entered on September 3, 2019, and two post-trial orders. On appeal, Greg Grengs asserts the district court erred in dismissing his post-trial motion to set aside the judgment; argues the parties' settlement agreement should not be enforced because prior to the agreement the court erred in finding the parties' post-marital agreement to be unenforceable; contends he was not competent to consent to the settlement agreement; and asserts the court erred in finding him in contempt for failing to execute a mortgage to encumber property he did not hold title to as an individual. We affirm.

I

[¶2]   Greg and Lisa Grengs married in 2001. In July 2017, Greg Grengs initiated divorce proceedings. In March 2018, Greg Grengs submitted a post-marital agreement to the district court which was signed by both parties in 2014. The post-marital agreement provided for the distribution of property and assets upon separation or divorce.

[¶3]   Lisa Grengs contested the validity of the post-marital agreement. The district court determined the post-marital agreement was unenforceable under N.D.C.C. § 14-03.2-08 after finding Lisa Grengs did not receive adequate financial disclosures prior to execution of the agreement, and she signed the agreement while subject to duress.

[¶4]    The parties' trial was scheduled for July 10, 2019. The day before the trial, the parties reached an agreement on terms for settlement. On the day scheduled for the trial, the parties participated in a telephonic hearing with the district court during which they placed the terms of their settlement on the record. Greg Grengs was represented by counsel during the telephonic hearing. Lisa Grengs was represented by counsel during the telephonic hearing. Lisa Grengs' attorney read the terms of the settlement agreement into the record. In addition to the terms read by Lisa Grengs' attorney, Greg Grengs' attorney

1

added that Greg Grengs would retain his personal property as part of the agreement.

[¶5] After the terms of the parties' agreement had been placed into the record, the district court questioned the parties as follows:

> THE COURT: Mr. Grengs, you heard Mr. Pippin's comments and reading the -- I guess I'll just call it the larger points, into the record as well as your attorney's comments, I just want to confirm with you, is that your understanding and are you agreeable to what's been presented to the court?
> [GREG GRENGS]: Yes Your Honor.
> THE COURT: Okay. Thank you very much. And then Mrs. Grengs, same question, do you understand everything that's been presented and are you on the same page or are you in agreement with that resolution?
> [LISA GRENGS]: Yes Your Honor.

Following the telephonic hearing, Greg Grengs' attorney drafted the proposed findings of fact, conclusions of law, and order for judgment which were entered by the court on September 3, 2019. A judgment was entered the same day.

[¶6] The judgment required Greg Grengs to make a lump sum payment to Lisa Grengs within 120 days of July 9, 2019, as part of the property division. The judgment also required Greg Grengs to provide a security interest and mortgage in and to real estate owned by GLG Farms, LLC, to secure the property division payment. Greg Grengs is the sole owner of GLG Farms, LLC. The property division payment, security interest, and mortgage required by the judgment did not vary from the terms read into the record during the telephonic hearing.

[¶7] Greg Grengs failed to pay Lisa Grengs as required under the terms of the parties' judgment and he failed to execute the mortgage to secure the property settlement. Greg Grengs was found to be in contempt for failing to follow the terms of the judgment. In its order finding Greg Grengs in contempt, the district court provided Greg Grengs with an opportunity to partially stay the terms of the judgment if he executed the required mortgage within 14 days. Additionally, the court provided Greg Grengs with an opportunity to further

2

stay the terms of the judgment if he filed a bond in the amount of $115,000. The order also provided that Greg Grengs would be sanctioned to serve 60 days in jail until he executed the mortgage and/or made the bond payment, whichever occurred sooner. The court later modified those requirements and ordered Greg Grengs to pay Lisa Grengs $150,000 for the property award in the judgment to purge the contempt finding. Greg Grengs made the $150,000 payment to satisfy the court's contempt order.

[¶8] The district court subsequently set a hearing for November 19, 2019, to consider a proposed sale of assets to satisfy the property division payment Greg Grengs owed to Lisa Grengs. On November 14, 2019, Greg Grengs initiated an appeal to this Court. On November 21, 2019, this Court remanded this case to the district court for the purpose of holding the hearing on the sale of assets and to consider any pending contempt of court issues. On December 20, 2019, while the case was on remand in the district court, Greg Grengs filed a motion to set aside the judgment pursuant to N.D.R.Civ.P. 60(b). Greg Grengs did not request a remand of the pending appeal from this Court before filing his motion to set aside the judgment. The court dismissed the motion to set aside the judgment after finding it lacked jurisdiction to decide the motion because Greg Grengs had failed to secure a remand from this Court.

[¶9] Greg Grengs makes four arguments on appeal: (1) the district court had jurisdiction to decide the motion to set aside the judgment and abused its discretion in dismissing the motion; (2) the parties' settlement agreement is unenforceable because the court erred in its earlier ruling finding the post-marital agreement unenforceable; (3) he was not competent to consent to the settlement agreement during the telephonic hearing; (4) the district court erred in holding him in contempt of court for failing to execute a security interest and a mortgage on real estate owned by GLG Farms, LLC.

II

[¶10] Greg Grengs argues the district court erred in dismissing his post-judgment motion to set aside the judgment pursuant to N.D.R.Civ.P. 60(b). The district court found it lacked jurisdiction to consider Greg Grengs' motion to

set aside the judgment after finding the case was on appeal and he had failed to obtain leave for resolution of the motion from this Court.

[¶11] "Generally, a district court loses jurisdiction when a notice of appeal is filed." *Investors Title Ins. Co. v. Herzig*, 2011 ND 7, ¶ 6, 793 N.W.2d 371. "The jurisdiction of the Supreme Court attaches upon the filing of the appeal, and generally the trial court has no further jurisdiction in the matter." *State ex rel. Heitkamp v. Family Life Servs., Inc.*, 2000 ND 166, ¶ 54, 616 N.W.2d 826. Further, "[a]n order or judgment entered by the trial court after an appeal has been filed is ordinarily void for lack of jurisdiction." *J.S.S. v. P.M.Z.*, 429 N.W.2d 425, 429 (N.D. 1988) (citing *Harwood v. Harwood*, 283 N.W.2d 144, 145 (N.D.1979)).

[¶12] Greg Grengs concedes he did not file with this Court a motion to obtain authority for the district court to consider his request to set aside the judgment. He argues this Court's earlier remand of the case to allow the court to hold a hearing on the pending motion for the sale of assets and consideration of pending motions for contempt was sufficient to give the court jurisdiction to resolve his motion to set aside the judgment. Additionally, he argues the court acted inconsistently by dismissing his motion to set aside the judgment while, at the same time, modifying the judgment's payment terms and conditions. On appeal, he does not seek to set aside the alleged modified judgment terms.

[¶13] Our earlier order temporarily remanding this case to the district court was specific in instructing the court to hold "a hearing regarding the sale of any proposed assets" and to consider motions for contempt so long as the judgment on appeal was not affected. Our order for a temporary remand is unambiguous and did not grant leave for either party to seek a modification of the judgment or seek to set aside the judgment. The court correctly determined it lacked jurisdiction to resolve Greg Grengs' motion to set aside the judgment and correctly found that resolution of the motion while an appeal was pending was improper. However, the court also lacked jurisdiction to dismiss the motion and the court's order is void to the extent it dismissed the motion while it lacked jurisdiction.

4

# III

[¶14] Greg Grengs challenges the district court's distribution of property and allocation of debts as provided within the judgment and decree of divorce. Greg Grengs argues he was not competent at the time he entered into the stipulated settlement, and the court erred by refusing to enforce the parties' post-marital agreement.

[¶15] "Oral stipulations of the parties in the presence of the court are generally held to be binding, especially when acted upon or entered on the court's records." *Aaker v. Aaker*, 338 N.W.2d 645, 647 (N.D. 1983). "When a judgment is entered based on the parties' stipulation, the party challenging the judgment must show there is a justification for setting aside the stipulation under the law of contracts." *Eberle v. Eberle*, 2009 ND 107, ¶ 17, 766 N.W.2d 477 (citing *Knutson v. Knutson*, 2002 ND 29, ¶ 8, 639 N.W.2d 495).

[¶16] "When a settlement agreement between divorcing parties is challenged, the court should consider whether the agreement was entered into freely and knowingly, without mistake, duress, menace, fraud, or undue influence, and whether the agreement is unconscionable." *Eberle*, 2009 ND 107, ¶ 17 (citing *Knutson*, 2002 ND 29, ¶ 8). "Whether an agreement is unconscionable is a question of law, but findings of fact are necessary to make a determination." *Id*. (citing *Weber v. Weber*, 1999 ND 11, ¶ 8, 589 N.W.2d 358).

[¶17] Greg Grengs challenges the parties' settlement agreement. In section II of this opinion, we concluded the district court did not abuse its discretion in denying Greg Grengs' motion to set aside the judgment after finding the motion was procedurally deficient because Greg Grengs had failed to secure a remand from this Court. Greg Grengs did not otherwise raise a challenge to the parties' stipulation in the proceedings below.

[¶18] This Court will not address issues raised for the first time on appeal. *Chapman v. Chapman*, 2004 ND 22, ¶ 7, 673 N.W.2d 920. Because the district court properly denied Greg Grengs' motion to set aside the judgment on procedural grounds, the merits of Greg Grengs' motion have not been properly raised in the court and will not be addressed for the first time on appeal.

[¶19] Greg Grengs includes within this appeal the district court's ruling on the parties' post-marital agreement made prior to the parties' stipulation to resolve their divorce proceedings. His challenge to the court's ruling on the post-marital agreement is raised in the context of setting aside the parties' stipulated settlement. Absent a determination the settlement agreement is unenforceable, anything this Court may say regarding the post-marital agreement would be purely advisory, "and we do not render advisory opinions." *Chapman*, 2004 ND 22, ¶ 6 (citing *In re Shatzka*, 2003 ND 147, ¶ 8, 669 N.W.2d 95).

IV

[¶20] Greg Grengs contends the district court erred in finding him in contempt for failing to execute a security interest and mortgage to secure the property division payment as required in the judgment. The property is held in the name of GLG Farms, LLC. He contends a "charging order" issued pursuant to N.D.C.C. § 10-32.1-45 is required to make GLG Farms, LLC execute a security interest and mortgage.

[¶21] Greg Grengs' reliance on N.D.C.C. § 10-32.1-45 is misplaced. A charging order issued under N.D.C.C. § 10-32.1-45 is a collection device used by a judgment creditor to satisfy a judgment against a judgment debtor who is a member of a limited liability company. The charging order, once secured, requires the limited liability company "to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor." N.D.C.C. § 10-32.1-45(2). The payment of distributions is the judgment creditor's "exclusive remedy," "no other remedy" is allowed, and a judgment creditor does not have "any right to obtain possession of or otherwise exercise legal or equitable remedies with respect to a property of the company." N.D.C.C. § 10-32.1-45(6). Lisa Grengs is not seeking to obtain distributions from GLG Farms, LLC that would otherwise be payable to Greg Grengs. A charging order has no application to whether or not Greg Grengs can be held in contempt. The question present in this case is not whether Lisa Grengs can pursue collection of Greg Grengs' liability from assets of the limited liability, the question is whether Greg Grengs has the ability to execute a

6

security interest and mortgage on assets owned by the limited liability company.

[¶22] A district court "may require either party to give reasonable security for providing maintenance or making any payments required under" the terms of a divorce and may enforce the security "by appointment of a receiver or by any other remedy applicable to the case." N.D.C.C. § 14-05-25. A district court has broad equitable powers including "compelling the surrender […] of property" by the debtor spouse, but also "imposing an equitable lien upon the property." *Martian v. Martian*, 399 N.W.2d 849, 852 (N.D. 1987).

[¶23] Contempt includes "[i]ntentional disobediance, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate[.]" N.D.C.C. § 27-10-01.1(1)(c); *see also Kettle Butte Trucking LLC v. Kelly*, 2018 ND 110, ¶ 12, 910 N.W.2d 882. "In civil contempt proceedings the complainant must clearly and satisfactorily show the alleged contempt has been committed." *Kettle Butte Trucking LLC*, at ¶ 12. (quoting *Peterson v. Schulz*, 2017 ND 155, ¶ 18, 896 N.W.2d 916). "Contempt requires a willful and inexcusable intent to violate a court order." *Id.* We review a finding of contempt under the following standard:

> When reviewing a contempt sentence, the ultimate determination of whether or not a contempt has been committed is within the trial court's sound discretion. A trial court's finding of contempt will not be overturned unless there is a clear abuse of discretion. An abuse of discretion occurs when the trial court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.

*PHI Fin. Servs., Inc. v. Johnston Law Office, P.C.*, 2016 ND 114, ¶ 22, 881 N.W.2d 216 (quoting *BeauLac v. BeauLac*, 2002 ND 126, ¶ 10, 649 N.W.2d 210).

[¶24] Greg Grengs' argument is that he does not have the ability to comply with the judgment because he is not the owner of the property. An inability to comply with an order is a defense to contempt proceedings based on a violation of that order, but the alleged contemnor has the burden to establish the defense

7

and show an inability to comply. *Holkesvig v. Welte*, 2012 ND 14, ¶ 9, 809 N.W.2d 323. Although we have concluded his reference to charging orders as provided in N.D.C.C. § 10-32.1-45(2) is misplaced, we will review his argument that he does not have the ability to comply with the judgment because he is not the owner of the property.

[¶25] This Court has previously considered whether an obligor spouse is able to comply with a district court order to deliver property to a creditor spouse when the property was owned by a corporation. *Werven v. Werven*, 2016 ND 60, ¶ 36, 877 N.W.2d 9. In *Werven,* we noted the obligor had previously been a fifty percent owner of a corporation and served as the corporation's vice president. *Id*. at ¶¶ 2 and 40. Following the parties' divorce, the obligor was removed as an officer and owner of the corporation. *Id*. at ¶ 4. This Court held the district court erred in awarding the property, rather than its value, to the creditor spouse because the obligor was not the owner of the property. *Id*. at ¶ 40. We further held the obligor could not be held in contempt for failing to comply with the court order and deliver the property because the property was owned by the company. *Id*.

[¶26] This case is distinguishable from our decision in *Werven*. In *Werven*, the obligor was only a fifty percent owner of a corporation at the time of the divorce and not an owner at the time of the contempt proceedings. In *Werven,* we specifically noted the obligor "sufficiently showed he was unable to comply with the divorce judgment and deliver the decal cutter because he did not own it." 2016 ND 60, ¶ 40. In contrast, Greg Grengs is the sole owner of GLG Farms, LLC and has exclusive control of GLG Farms, LLC. Greg Grengs offered no evidence to support a finding he does not have the ability to secure the execution of the mortgage from GLG Farms, LLC. He has not argued that he lacks control of GLG Farms, LLC; he has not argued he is prohibited by an operating agreement from encumbering the assets of GLG Farms, LLC; and he has not argued he is otherwise prevented from complying with the terms of the judgment. While it is true the title is held by GLG Farms, LLC, Greg Grengs has failed to demonstrate he does not have the ability to comply with the judgment by executing a security interest and mortgage on behalf of GLG Farms, LLC.

[¶27] Greg Grengs failed to demonstrate that he has a defense to the finding of contempt; an inability to comply with the terms of the judgment. Under the circumstances presented in this case, we conclude the district court did not abuse its discretion in finding Greg Grengs to be in contempt for failing to secure a security interest and mortgage from GLG Farms, LLC as required by the judgment. The court did not act in an arbitrary, unreasonable, or unconscionable manner, and did not misinterpret or misapply the law.

V

[¶28] The district court did not abuse its discretion in dismissing the motion to set aside the judgment when it lacked jurisdiction because of a pending appeal. Whether the parties' stipulation agreement is enforceable has not been properly raised in the court and we will not address the issue for the first time on appeal. The court did not abuse its discretion in finding the sole owner of a limited liability company in contempt of court for violating the provisions of a judgment requiring him to execute a security interest and mortgage to encumber property owned by the limited liability company when the owner failed to establish an inability to comply with the judgment. We affirm.

[¶29] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte

I concur in the result.
Daniel J. Crothers

9